**DAIRYLAND COUNTY MUTUAL INSURANCE COMPANY, Appellant,**

v.

**Glen F. WALLGREN, Indiv. and as Next Friend For Nancy Wallgren, et ux., Appellees.**

No. 17285.

Court of Civil Appeals of Texas, Fort Worth.

Feb. 18, 1972.

Rehearing Denied March 17, 1972.

Brown, Crowley, Simon & Peebles, and M. Hendricks Brown, Fort Worth, for appellant.

Schattman, Mock & Guthrie, and C. Coit Mock, Fort Worth, for appellees.

## OPINION

MASSEY, Chief Justice.

Substantially, the question posed on appeal may be answered by stating an inquiry and answer, as follows:

◼ QUAERE: Are indemnity benefits for exemplary damages afforded in Texas under a policy of automobile liability insurance written pursuant to the provisions of V.A.T.S. Insurance Code, Art. 5.06, "Policy Forms and Endorsements" under the delegation of legislative authority made pursuant to Art. 5.35 of the Code?

ANSWER: Yes:—such a policy of automobile liability insurance affords indemnity applicable to exemplary damages as well as compensatory damages. The insurance contract is written under provisions of law (V.A.T.S. Insurance Code, Arts. 5.06 and 5.35). Insurance thereby afforded does not contravene public policy.

◼ Generally the expressions upon public policy speak with reference to the law of any particular state as embodied in its constitution, statutes, and decisions of its courts. However, expressions thereupon are oftentimes enlarged to include the administrative practices of the state's officers as part of its public policy. See generally the annotations under Words and Phrases, "Public Policy", particularly those under the subheading "Governed by Constitution, laws, or judicial decisions", beginning at p. 480.

In Francis v. International Travelers' Ass'n, 260 S.W. 938 (Dallas Civ.App., 1924, affirmed at 119 Tex. 1, 23 S.W.2d 282 (1930)) it was pointed out that power given by the legislature to the Department of Insurance (Insurance Commission) was to prescribe terms, conditions, and the very language of insurance policies.

In Board of Ins. Com'rs v. Carter, 228 S.W.2d 335 (Austin Civ.App., 1950, writ. ref., n. r e.), the court spoke regarding the article or articles expressive of the law now embodied in Art. 5.35 of the Insurance Code. It was held that the Board of Insurance Commissioners' promulgation of uniform policies of insurance was not an improper exercise of delegated legislative authority.

In United States Ins. Co. of Waco v. Boyer, 153 Tex. 415, 269 S.W.2d 340 (1954) it was observed: "It is unlawful to issue a policy in words other than those expressly approved by the Insurance Commission . . . ."

Our conclusion is that terms and conditions set out in the insurance contract before us—having been prescribed and approved by the Insurance Commission—accord with and represent the public policy of the state. Stated another way: the terms and conditions of the policy do not contravene public policy.

◼ But for the delegation of such legislative authority and the fact that in their contractual agreements the parties were not free and independent of such regulation it might be that we would deem applicable the Restatement of the Law, "Contracts", Sec. 574, "Legal Bargains for Exemption From Liability for Negligence". However, even if in ordinary circumstances the contract would be contrary to public policy there probably would have been an obligation to enforce it (in behalf of plaintiffs) as written, under the court's fact findings. The trial court found that the company's policy was written in order to comply with the requirements of the Texas Motor Vehicle Safety Responsibility Act,

Vernon's Ann.Tex.Civ.St., Art. 6701h, "Safety Responsibility Law", relative to proof of financial responsibility of the policy-holder. (There had been a prior conviction of the policy-holder on a charge of driving while intoxicated.) Under these findings, if applicable to the policy contract, its terms and provisions would be enforceable by plaintiffs in any event. See Restatement of the Law, "Contracts", Sec. 601, "Recovery on an Illegal Bargain Because of the Effect of Refusal". Under the trial court's findings the injured plaintiffs, as members of the public, would be the persons for whose benefit the contract would be deemed to have been made. National Surety Corporation v. Diggs, 272 S.W.2d 604, 610 (Fort Worth Civ.App., 1954, writ ref., n. r. e.).

The pertinent portion of the company's policy of insurance was one wherein it had agreed:

"To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of: . . . bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury', sustained by any person; . . . arising out of the ownership, maintenance or use of the owned automobile or any non-owned automobile . . . ."

Relative to a proper construction of synonymous language in an insurance policy the Honorable Royal Brin of Dallas, Texas, prepared an article discussing the question of whether an award of punitive damages is covered by provisions which are substantially identical to those of the policy before us. 31 Insurance Counsel Journal, April 1964, page 265, "Punitive Damages and Liability Insurance."

On page 265, Mr. Brin quotes from the case of General Casualty Co. v. Woodby, 238 F.2d 452, as follows: " 'The policy in the present cases obligated the appellants "to pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability . . . sustained . . . by any person . . . ." We are of the opinion that the punitive damages awarded in these cases are liabilities imposed by law for damages within the meaning of the policy.' " Mr. Brin then proceeds to make his own statement, as follows: "Certainly it is difficult to quarrel with this conclusion as an interpretation of the language of the policy, and those courts and commentators which espouse non-coverage usually do so on the basis of public policy rather than of construction of the policy language."

We agree with Mr. Brin. Our holding is that to apply the contractual provisions to the situation extant requires affirmance of the judgment declarative of the insurance company's liability. The Dairyland County Mutual Insurance Company had issued its policy of liability insurance. While such contract was in force its policy-holder negligently operated his automobile and as a proximate result the plaintiffs sustained personal injury. The policy-holder's negligence amounted to gross negligence. Plaintiffs sued the policy-holder and obtained a judgment against him for actual damages, and also for an additional amount (payable to plaintiffs) as exemplary damages. The insurance company paid plaintiffs' judgment for actual damages, but denied any contractual responsibility to pay plaintiffs' judgment for exemplary damages. In consequence plaintiffs brought suit and obtained judgment. Effect of the judgment was to construe the insurance policy in question, declaring the insurance company's contractual obligation to pay the exemplary damages, and to render judgment which afforded plaintiffs right of enforcement in their collection.

One point of error, though sustainable, would have no effect upon our disposition. It is wholly immaterial in view of the basis upon which the case was decided. We therefore refrain from any discussion.

Judgment is affirmed.