Emigdia C. **MANRIQUEZ, Individually and on Behalf of all Statutory Wrongful Death Beneficiaries of Jorge Ramon Manriquez, Deceased, Appellants,**

v.

**MID–CENTURY INSURANCE COMPANY OF TEXAS,**
**Appellee.**

No. 08–88–00346–CV.

Court of Appeals of Texas,
El Paso.

Oct. 11, 1989.

Rehearing Denied Nov. 8, 1989.

483

Enrique Moreno, Moreno & Fry, El Paso, for appellants.

J. Monty Stevens, Dudley, Dudley and Windle, El Paso, for appellee.

Before OSBORN, C.J., and FULLER and WOODARD, JJ.

## OPINION

WOODARD, Justice.

This is an appeal from a summary judgment emanating from a wrongful death suit. We affirm.

Appellants are the widow and surviving parents of a pedestrian killed when struck by an automobile driven by an unlicensed minor, Gregory Daniel Alkofer. In addition to suing Gregory for negligent driving, his mother, Barbara, was sued for negligent entrustment; and both were charged with gross negligence.

Appellee, insurer of the Alkofer automobile, intervened and successfully moved for a declaratory summary judgment limiting its liability to $50,000.00.

Pertinent parts of the policy in question provided:

### PART A—LIABILITY COVERAGE
Insuring Agreement
We will pay damages for bodily injury or property damage for which any covered person becomes legally responsible because of an auto accident.

. . . . .

Limit of Liability
If separate limits of liability for bodily injury and property damage liability are shown in the Declarations for this coverage the limit of liability for "each person" for bodily injury liability is our maximum limit of liability for all damages for bodily injury sustained by any one person in any one auto accident. Subject to this limit for "each person," the limit of liability shown in the Declarations for "each accident" for bodily injury liability is our maximum limit of liability for all damages for bodily injury resulting from any one auto accident. The limit of liability shown in the Declarations for

"each accident" for property damage liability is our maximum limit of liability for all damages to all property resulting from any one auto accident.

If the limit of liability shown in the Declarations for this coverrage [sic] is for combined bodily injury and property damage liability, it is our maximum limit of liability for all damages resulting from any one auto accident.

This is the most we will pay regardless of the number of:

(1) Covered persons;

(2) Claims made;

(3) Vehicles or premiums shown in the Declarations; or

(4) Vehicles involved in the auto accident.

The Alkofer policy provided separate limits of liability for bodily injury and property damage liability in the following amounts: bodily injury—$50,000.00 for each person/$100,000.00 for each accident; property damage—$25,000.00.

Appellant firstly contends any $50,000.00 limitation would not include an award for exemplary damages. *American Home Assurance Company v. Safway Steel Products Company, Inc., A Division of Figgie International, Inc.,* 743 S.W.2d 693 (Tex. App.—Austin 1987, writ denied); *Home Indemnity Company v. Tyler,* 522 S.W.2d 594 (Tex.App.—Houston [14th Dist.] 1975, writ ref'd n.r.e.) and *Dairyland County Mutual Insurance Company v. Wallgren,* 477 S.W.2d 341 (Tex.Civ.App.—Forth Worth 1972, writ ref'd n.r.e.) hold that where insuring agreements provide for the payment of . . . all sums which the insured shall become legally obligated to pay as damages because of . . . bodily injury will include payment of punitive damages for gross negligence. These cases emphasize the words "all sums" as being the important inclusive considerations. In determining whether these words include coverage for punitive damages, a majority of courts have used the following rationale: (1) the average insured, in the absence of an express policy exclusion from liability from punitive damages, would assume that the term "damages" would include punitive

damages, since they would become by judgment a "sum" that the insured would be legally obligated to pay; (2) because the insurer drafted the policy and could have made clear its intention to exclude coverage for punitive damages, the rules of construction require it to bear the burden of ambiguity; and (3) punitive damages are covered because they always "arise" out of the underlying action for injury. *American Home Assurance Company v. Safway Steel Products Company, Inc., A Division of Figgie International, Inc.,* 743 S.W.2d at 702.

In the case at hand, the insurer agrees to pay damages for bodily injury . . . for which any covered person becomes legally responsible because of an auto accident. There is absence of the words "all sums." The agreement expressly excludes coverage for any person who intentionally causes bodily injury. Nonetheless, an average insured would assume the term damages would include all damages except those intentionally caused. The insurer drafted the policy and could have made it clear that no punitive damages would be covered. Punitive damages arise out of or are due to the legal responsibility created because of the auto accident.

▉ Appellant pleaded for exemplary damages because of heedless and reckless conduct on the part of the insured. Gross negligence, to be the ground for exemplary damages, should be that entire want of care which would raise the belief that the act or omission complained of was the result of a conscious indifference to the right or welfare of the person or persons to be affected by it. *Burk Royalty Company v. Walls,* 616 S.W.2d 911 (Tex.1981). The term "accident" as used in an insurance policy was construed to include negligent acts of the insured causing damage which is undesigned and unexpected. *Massachusetts Bonding and Insurance Co. v. Orkin Exterminating Company,* 416 S.W.2d 396 (Tex.1967). It could be argued that one who acts with conscious indifference and causes an accident, does so with some expectation. We reject this, however, and conclude that punitive damages, excepting

those for any intentional conduct, were within the coverage and the coverage limitation.

Appellants next contend that the fact that there are three plaintiffs and two defendants would expand the expressed $50,000.00 liability limitation for "each person" for bodily injury to the $100,000.00 limitation coverage for "each accident".

■ The mother was a "covered person" under the policy as an owner of the vehicle, and the son was a "covered person" by using the vehicle. The policy expressly limited the liability to the liability for each person injured in any one accident, regardless of the number of covered persons. The fact that two defendants are being sued would not enlarge this limitation.

■ The liability for "each person" was limited to damages for bodily injury sustained by any one person in any one auto accident. In *Cradoct v. Employers Casualty Company*, 733 S.W.2d 301 (Tex.App.—El Paso 1987, writ ref'd), we held that an "each person" limitation for damages because of bodily injury sustained by one person as the result of any one occurrence limited all damage claims, directly or consequential, resulting from the death of an injured person. In the *Cradoct* case, the policy expressly limited all damages, "including damages for care and loss of services...." Appellant argues the absence of these words in the agreement before us indicates the intention of the parties to include these types of damages. We do not agree.

In *McGovern v. Williams*, 741 S.W.2d 373 (Tex.1987), the Court interpreted a "per person" limitation policy and the language of Texas Safety Responsibility Law, Tex. Rev.Civ.Stat.Ann. art. 6701h, sec. 21 (Vernon 1977), requiring liability policies to contain a minimum of $10,000.00 limit because of bodily injury in death of one person in any one accident to refer to the person who is actually involved and physically or emotionally injured in the accident. In the *McGovern* case, the Court pointed out that the loss of consortium was not a bodily injury, and that the plaintiff did not allege physical harm or mental anguish. The Ap-

pellants argue that this digression implies that, had the plaintiff pleaded for these matters, she would have been entitled to them in excess of the per person limitation. However, in the subsequent paragraph (at 375), the Court analyzed other consistent decisions construing Article 6701h, which concluded that the term "per person" referred only to the person or persons sustaining injury and not to persons who suffer a loss as a result of any injury to someone else, and therefore, the per person limitation requirement limited any and all claims. The case stands for the opposite of the Appellants' contention. Point of Error No. One is overruled.

Point of Error No. Two claims the language is ambiguous, and therefore, should be construed against the insurer. Legal precedent as to the language, as previously discussed, is to the contrary. Point of Error No. Two is overruled.

Point of Error No. Three alleges that the movant failed to establish that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979). We hold otherwise. Point of Error No. Three is overruled.

Judgment of the trial court is affirmed.