## STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,

v.

## Cherie SHAFFER, Appellee.

### No. 01–93–00998–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 3, 1994.

Rehearing Overruled Dec. 8, 1994.

David E. Lueders, Alan Janiga, Houston, for appellant.

Harvfille E. Weller, Jr., Houston, for appellee.

Before HUTSON–DUNN and ANDELL, JJ., and PRICE, J., Sitting by Assignment.*

### OPINION

HUTSON–DUNN, Justice.

The trial court rendered judgment on the verdict for exemplary damages against the appellant, State Farm Mutual Automobile Insurance Company, for the gross negligence of an intoxicated motorist that injured State Farm's insured, appellee Cherie Shaffer. State Farm's liability was based upon Shaffer's uninsured-underinsured motorist policy. In three points of error, State Farm contends that such liability is statutorily prohibited. We reverse and render judgment that State Farm is not liable for the exemplary damages assessed against the uninsured motorist.

---

* The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

On July 8, 1990, Cherie Shaffer was injured in an automobile accident with an uninsured motorist, Martin Moreno Torres, who was operating his vehicle while under the influence of alcohol. Shaffer sued Torres and State Farm in a single lawsuit. She alleged negligence and gross negligence against Torres and sought to recover from State Farm under the terms of her uninsured-underinsured motorist policy that was in effect at the time of the accident. Shaffer alleged additional claims against State Farm, but these claims were severed and are not before this Court on appeal.

At the jury trial, evidence was presented that the accident was caused by Torres' negligence, but no evidence was presented that State Farm was either negligent in any way or the cause of the injuries complained of by Shaffer. The jury found Torres negligent and grossly negligent and: (1) awarded Shaffer $10,000 in compensatory damages; (2) assessed $10,000 in exemplary damages against Torres.

State Farm offered a proposed judgment to the court in which it would share liability with Torres for Shaffer's compensatory damages only. Nevertheless, the court rejected this offer and entered judgment holding State Farm and Torres jointly and severally liable for both the compensatory and exemplary damages. State Farm has appealed this judgment.

We find State Farm's third point of error to be dispositive, and we address it first.

In its third point of error, State Farm contends that the trial court erred when it rendered judgment awarding exemplary damages against State Farm for the gross negligence of Torres. State Farm argues that public policy and language contained in the Texas Insurance Code and the Texas Motor Vehicle Safety–Responsibility Act require a narrow interpretation of the uninsured-underinsured motorist policy in the present case. TEX.INS.CODE ANN. art. 5.06–1(1) (Vernon 1981); TEX.REV.CIV.STAT.ANN. art. 6701h, § 21(b)(2) (Vernon Supp 1994).

The policy in this case provides the following:

We will pay damages which a **covered person** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** because of bodily injury sustained by a **covered person,** or **property damage,** caused by an accident.

Uninsured motorist coverage is mandated by article 5.06–1 of the Insurance Code. Specifically, the code provides that no auto liability policy can be issued without providing uninsured coverage "in at least the limits described in the Motor Vehicle Safety–Responsibility Act, under the provisions prescribed by the Board, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles *because of bodily injury.*" TEX. INS.CODE ANN. art. 5.06–1(1) (emphasis added). Sections 3 and 4 of article 5.06–1 also provide that coverage must be offered in amounts "not less than those prescribed in the Motor Vehicle Safety–Responsibility Act." TEX.INS.CODE ANN. art. 5.06–1(3), (4) (Vernon 1981). Section 21(b) of the Motor Vehicle Safety–Responsibility Act, which sets forth the requirements that an insurance policy must meet to qualify as a "motor vehicle" policy under the act, states that an insurer must pay to the insured "all sums which the insured shall become legally obligated to pay as damages ... subject to limits ... as set out in Subdivision (6) of Subsection (c) of Section 5 of this Act." TEX.REV.CIV.STAT. ANN. art. 6701h, § 21(b)(2). Section 5, subsection (c)(6) defines the minimum coverage limits necessary to meet the Motor Vehicle Safety–Responsibility Act for damages arising *"because of bodily injury."* TEX.REV.CIV. STAT.ANN. art. 6701h, § 5(c)(6) (Vernon Supp. 1994) (emphasis added).

State Farm argues that the use of the phrase "because of bodily injury" in the above statutory provisions prohibits the award of exemplary damages under an uninsured motorist policy. To support this argument, it cites statutory authority that exemplary damages are damages awarded to penalize or punish a defendant. TEX.CIV.PRAC. & REM.CODE ANN. § 41.001(3) (Vernon Supp. 1994). State Farm contends that the statutory language that authorizes recovery for

damages "resulting from bodily injury" in effect limits recovery under the policy to compensatory rather than exemplary damages.

The appellate courts of this state have reached mixed results in prior opinions regarding this issue. In *Dairyland County Mutual Ins. Co. v. Wallgren*, 477 S.W.2d 341, 343 (Tex.Civ.App.—Fort Worth 1972, writ ref'd n.r.e.), the court construed the language of an automobile liability policy with terms analogous to the policy in this case. The policy provided that the insurer agreed "to pay on behalf of the insured *all sums* which the insured *shall become legally obligated to pay* as damages because of: ... bodily injury." *Id.* (emphasis added). Focusing only on the portion of the policy that required the insurer to pay "all sums which the insured shall become legally obligated to pay," the court held the insurer contractually liable for exemplary damages assessed against the insured since they were damages that the insured was legally obligated to pay. *Id.* In *Manriquez v. Mid–Century Ins. Co.*, 779 S.W.2d 482, 483–85 (Tex.App.—El Paso 1989, writ denied), the court held that exemplary damages, except those for intentional conduct, were within the coverage provisions of an automobile liability policy that provided that the insurer agreed to pay "*damages* for bodily injury or property damage for which any covered person *becomes legally responsible* because of an auto accident." (Emphasis added.) Despite the absence of the words "all sums," the court held that the average insured would assume the term "damages" to include all damages except those that were specifically excluded by the policy. *Id.* at 484.

In *Home Indemnity Co. v. Tyler*, 522 S.W.2d 594, 596–97 (Tex.Civ.App.—Houston [14th Dist.] 1975, writ ref'd n.r.e.), the court applied reasoning analogous to *Wallgren* to an uninsured-underinsured motorist policy that allegedly contained language almost identical to the policy in *Wallgren*. However, the court did not make clear whether the policy in that case included language stating that the insurance company would pay damages that the insured was legally entitled to recover "because of bodily injury." *Id.* at

597. Despite the public policy considerations that warrant against indemnifying an uninsured motorist, the court held that there is no public policy against an insurance company's promise to pay an insured that which he is legally entitled to recover because of the recklessness of a third party. *Id.*

State Farm contends that these cases were wrongly decided because they focused only on the portion of the policies requiring the carrier to "pay on behalf of the insured all sums which the insured shall become legally obligated to pay." *Wallgren*, 477 S.W.2d at 343; *see Tyler*, 522 S.W.2d at 594. In support of this argument, it cites *Government Employees Ins. Co. v. Lichte*, 792 S.W.2d 546 (Tex.App.—El Paso 1990), *aff'd on other grounds*, 825 S.W.2d 431 (Tex.1990). In *Lichte*, the court examined an uninsured-underinsured motorist policy with language almost identical to the language of the present case. Focusing on the portion of the policy that required the insurer to pay the insured damages that the insured was legally entitled to recover *because of bodily injury*, the court held that exemplary damages were not recoverable under the policy since their purpose is to punish the defendant rather than compensate the plaintiff. *Id.* at 549.

In a recent case, the Sixth Court of Appeals construed an uninsured-underinsured motorist policy with language that precisely tracked the language quoted in *Lichte*. *Vanderlinden v. United Servs. Auto. Ass'n Property & Casualty Ins. Co.*, 885 S.W.2d 239, 242 (Tex.App.—Texarkana, 1994, n.w.h.). The court followed the reasoning and holding of *Lichte* and emphasized that the *Tyler* case is distinguishable because, unlike *Lichte* and *Vanderlinden*, it does not specifically state whether the policy in question contained language limiting the coverage to damages arising because of bodily injury. *Vanderlinden*, 885 S.W.2d at 241.

It is clear from the varying interpretations of the language used in auto liability and uninsured-underinsured motorist policies that the phrase "because of bodily injury" is ambiguous. One interpretation suggests that the insured is entitled to recover any damages that arise *because of bodily injury;* another suggests that the insured is only

entitled recover damages that are *derived from the bodily injury.*

Therefore, to properly interpret the ambiguity, this Court must look to basic rules concerning the construction of insurance contracts. Generally, if the language and terms of an insurance policy are chosen by the insurance company, any ambiguous or inconsistent language must be construed against the insurer and in favor of the insured. *Barnett v. Aetna Life Ins. Co.,* 723 S.W.2d 663, 666 (Tex.1987). However, in the present case, the language used by State Farm is consistent with the language of article 5.06–1(1). Thus, to decipher its proper meaning, we must examine the legislative intent behind section 5.06–1(1) of the Insurance Code and article 6701h of the Motor Vehicle Safety–Responsibility Act.

The initial objective of the legislature in enacting article 5.06–1 was to protect conscientious motorists from *"financial loss* caused by negligent financially irresponsible motorists." Act of Oct. 1, 1967, 60th Leg., R.S., ch. 202, § 3, 1967 Tex.Gen. Laws 448, 449 (emphasis added); *Stracener v. United Serv. Auto. Ass'n,* 777 S.W.2d 378, 382 (Tex.1989). Likewise, the Motor Vehicle Safety–Responsibility Act has as its main objective the protection of persons from *potential losses* which may arise out of the operation of a vehicle. Tex.Rev.Civ.Stat.Ann. Art. 6701h, § 1A(a) (Vernon Supp.1994). Thus, it appears that the legislative intent behind article 5.06–1 of the Insurance Code and article 6701h of the the Motor Vehicle Safety–Responsibility Act is only to provide compensatory damages to an injured party under an uninsured motorist policy.

Additional policy reasons exist for prohibiting a recovery of exemplary damages under the uninsured motorist policy in this case. Exemplary damages are assessed to punish a wrongdoer and to serve as a deterrent to future wrongdoers. *Transportation Ins. Co. v. Moriel,* 879 S.W.2d 10, 16–17 (Tex.1994); *Lunsford v. Morris,* 746 S.W.2d 471, 471–72 (Tex.1988); *Cavnar v. Quality Control Parking, Inc.,* 696 S.W.2d 549, 555–56 (Tex.1985); Tex.Civ.Prac. & Rem.Code Ann. § 41.001(3) (Vernon 1994). This policy does not support rendering damages against State Farm since

neither deterrence of wrongful conduct nor punishment of Torres, the wrongdoer, is achieved by imposing exemplary damages upon Shaffer's insurance carrier for Torres' wrongful act. See *Lichte,* 792 S.W.2d at 549.

We sustain State Farm's third point of error.

In its first two points of error, State Farm contends that the trial court violated Chapter 41 of the Civil Practice and Remedies Code when it rendered judgment holding State Farm jointly and severally liable for the exemplary damages assessed against Torres. As noted, the jury did not answer any findings that State Farm was negligent or grossly negligent.

Section 41.005 of the Civil Practice and Remedies Code provides the following:

> In any action in which there are two or more defendants, an award of exemplary damages must be specific as to a defendant, and each defendant is liable only for the amount of the award made against that defendant.

Tex.Civ.Prac. & Rem.Code Ann. § 41.005 (Vernon Supp.1994). Further, section 41.003 of the code limits recovery of exemplary damages to cases where the claimant succeeds in proving that the harm complained of results from fraud, malice, or gross negligence. Tex.Civ.Prac. & Rem.Code Ann. § 41.003 (Vernon Supp.1994). Since there were no findings of fraud, malice, or gross negligence on the part of State Farm, State Farm argues that the trial court erred in assessing exemplary damages jointly and severally.

The courts of this state have yet to address the interplay between section 41.005 and the existing body of cases that have allowed recovery of exemplary damages under both automobile liability and uninsured-underinsured motorist policies. Further, the language of section 41.005 does not address any effect that it may have upon article 5.06–1 of the Insurance Code or upon the Motor Vehicle Safety–Responsibility Act.

We have already determined that both public policy and the language contained in the Insurance Code and the Motor Vehicle Safety–Responsibility Act limit recovery un-

der an uninsured-underinsured motorist policy to compensatory damages. Therefore, we need not address State Farm's first two points of error.

We reverse the portion of the judgment assessing punitive damages against State Farm and render judgment that State Farm is liable, jointly and severally, only for the compensatory damages awarded to Shaffer.