**Lolitha J. MILLIGAN, Appellant,**

**v.**

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.**

No. 14–96–00444–CV.

Court of Appeals of Texas, Houston, (14th Dist.).

Jan. 9, 1997.

Rehearing Overruled March 13, 1997.

Mark W. Long, Tom Rowatt, Houston, for appellant.

Joseph F. Nistico, Jr., Diane Renee Flad, Houston, for appellee.

Before YATES, HUDSON and FOWLER, JJ.

## OPINION

FOWLER, Justice.

This appeal is from a summary judgment in a declaratory judgment action which determined that appellee, State Farm Mutual Automobile Insurance Company ("State Farm"), is not liable for exemplary damages for the gross negligence of an uninsured driver under its uninsured motorist coverage. Appellant, Lolitha J. Milligan, brings one point of error contending the trial court erred in granting summary judgment. We affirm.

The facts in this case are not in dispute. On August 20, 1992, appellant was injured in an accident caused by an uninsured drunk driver. The parties agree that the driver's conduct constituted gross negligence. At the time of the accident, appellant was insured by State Farm under a policy providing uninsured motorist coverage. State Farm's policy provides in relevant part as follows:

> We will pay damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by a covered person, or property damage caused by an accident.

Appellant and State Farm settled her claim for actual damages under the uninsured motorist coverage in her auto policy, but State Farm denied coverage of appellant's claim for exemplary damages. The parties filed a joint petition for declaratory relief to determine the coverage issue. State Farm prevailed in the declaratory judgment action, and appellant now brings this appeal.

In appellant's sole point of error, she argues that the trial court erred in granting State Farm's motion for summary judgment because the Texas Insurance Code provides that uninsured motorist coverage includes "payment of all sums ... as damages ... because of bodily injury." TEX.INS.CODE ANN. art. 5.06–1(5) (Vernon 1981).[1] Therefore, she contends that she is entitled to recover exemplary damages as a matter of law.

In our review of the granting of a summary judgment, we must determine whether the moving party established that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX.R.CIV.P. 166a(c). A defendant moving for summary judgment has the burden to show as a matter of law that the plaintiff has no cause of action. *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex.1991). Summary judgment is proper when, instead of proving or disproving facts, the movant shows that the nonmovant cannot prevail because the law does not recognize its claim. *See, e.g., Helena Labs. Corp. v. Snyder*, 886 S.W.2d 767, 768–69 (Tex.1994) (affirming summary judgment because there is no inde-

---

1. TEX.INS.CODE ANN. art. 5.06–1(5) deals with *underinsured* motorist coverage. Essentially the same language appears in the uninsured motorist coverage susbsection at art. 5.06–1(1), which provides that policies must include protection for those "who are legally entitled to recover *damages* from owners or operators of uninsured or underinsured motor vehicles *because of bodily injury*, sickness, or disease, including death, or property damage resulting therefrom." (emphasis supplied). Even though appellant refers to the incorrect subsection, we liberally construe the briefing rules to permit consideration of appellant's argument.

pendent cause of action for negligent interference with family relationships).

Uninsured motorist coverage is mandated by article 5.06–1 of the Insurance Code. Specifically, the code provides that no auto liability policy can be issued without providing uninsured coverage "in at least the limits described in the Motor Vehicle Safety–Responsibility Act, under the provisions prescribed by the Board, for the protection of persons insured thereunder who are legally entitled to recover damages from the owners or operators of uninsured or underinsured motor vehicles because of bodily injury...." TEX.INS.CODE ANN. art. 5.06–1(1) (Vernon 1981).

Section 21(b) of the Motor Vehicle Safety–Responsibility Act, which sets forth the requirements that an insurance policy must meet to qualify as a "motor vehicle" policy under the act, states that an insurer must pay to the insured "all sums which the insured shall become legally obligated to pay as damages ... subject to limits ... as set out in Subdivision (6) of Subsection (c) of Section 5 of this Act." TEX.REV.CIV.STAT. ANN. art. 6701h, § 21(b)(2 ), *repealed* by Act eff. Sept. 1, 1995, 74th Leg. R.S., ch. 165, § 24, 1995 Tex.Gen. Laws 1870, 1871 (current version at TEX.TRANSP.CODE ANN. § 601.076 (Vernon Supp. Pamph. 1997)). Section 5, subsection (c)(6) defines the minimum coverage limits necessary to meet the Motor Vehicle Safety–Responsibility Act for damages arising "because of bodily injury." Act of June 19, 1983, 68th Leg., R.S., ch. 535, § 3, 1983 Tex.Gen. Laws 3126, 3127, formerly TEX.REV.CIV.STAT.ANN. art. 6701h, § 5(c)(6), *repealed,* (current version at TEX.TRANSP. CODE ANN. § 601.168 (Vernon Supp. Pamph. 1997)).

This court examined the issue of whether uninsured motorist coverage includes liability for exemplary damages over twenty years ago in *Home Indemnity Co. v. Tyler,* 522 S.W.2d 594 (Tex.Civ.App.—Houston [14th Dist.] 1975, writ ref'd n.r.e.). The policy language in *Tyler* required the insurer to "pay all sums which the insured ... shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile." *Id.* at 597. Focusing on the insur-

ance company's promise to pay the insured the amount which she is "legally entitled to recover," this court enforced the insurer's contractual obligation and held that exemplary damages assessed against the defendant were recoverable under the uninsured motorist provision of the plaintiff's insurance policy. *Id.* Relying on *Dairyland County Mut. Ins. Co. v. Wallgren,* 477 S.W.2d 341, 342–43 (Tex.Civ.App.—Fort Worth 1972, writ ref'd n.r.e.), we rejected the argument that awarding exemplary damages under an uninsured motorist provision contravenes public policy by allowing an innocent party to be punished for the wrongdoing of a third party tortfeasor. *Id.*

Since *Tyler* was decided, several courts have reached the opposite result. *See State Farm Mut. Auto. Ins. Co. v. Shaffer,* 888 S.W.2d 146 (Tex.App.—Houston [1st Dist.] 1994, writ denied); *Vanderlinden v. USAA Prop. and Cas. Ins. Co.,* 885 S.W.2d 239 (Tex.App.—Texarkana 1994, writ denied); *Government Employees Ins. Co. (GEICO) v. Lichte,* 792 S.W.2d 546 (Tex.App.—El Paso 1990), *writ denied per curiam,* 825 S.W.2d 431(Tex.1991). In *Lichte,* the Texas Supreme Court specifically reserved the question of whether an insurer is liable for exemplary damages through its uninsured/underinsured motorist coverage, failing to resolve the conflict among the intermediate courts. 825 S.W.2d at 432.

Those courts finding exemplary damages are not recoverable under uninsured motorist provisions focus on the policy reasons for imposing exemplary damages. First, the courts note the statutory definition of exemplary damages as "any damages awarded as an example to others, as a penalty, or by way of punishment." Act effective Sept. 2, 1987, 70th Leg., 1st C.S., ch. 2, § 2.12, 1987 Tex.Gen. Laws 44 (amended by Act effective Sept. 1, 1995) (current version at TEX.CIV.PRAC. & REM.CODE ANN. § 41.001(5) (Vernon Supp.1997)). Exemplary damages are assessed both to punish a wrongdoer and to serve as a deterrent to future wrongdoers. *Transportation Ins. Co. v. Moriel,* 879 S.W.2d 10, 16–17 (Tex.1994); *Lunsford v. Morris,* 746 S.W.2d 471, 471–72 (Tex.1988); *Cavnar v. Quality Control Park-*

*ing, Inc.,* 696 S.W.2d 549, 555–56 (Tex.1985).[2] Neither deterrence of wrongful conduct nor punishment of the wrongdoer is achieved by imposing exemplary damages against an insurance carrier in this situation. Therefore, the courts in *Shaffer, Vanderlinden* and *Lichte* determined that coverage provisions requiring an insurer to pay damages that a plaintiff was legally entitled to recover from an uninsured motorist because of bodily injury does not include an award of exemplary damages. *Shaffer,* 888 S.W.2d at 149 (both legislative intent and policy reasons do not support rendering exemplary damages against the insurer); *Vanderlinden,* 885 S.W.2d at 242 (to allow recovery would be antithetic to the purpose to be served by punitive damages); *Lichte,* 792 S.W.2d at 549 (because the wrongdoer is the uninsured motorist instead of the insured, exemplary damages are not included).

In *Shaffer,* the First Court determined that the phrase "because of bodily injury" is ambiguous because it could be interpreted to mean the insured is entitled to recover *any* damages that arise because of bodily injury, or it could mean the insured is *only* entitled to recover damages that are *derived from the bodily injury.* Therefore, the court looked to rules of construction of insurance contracts to resolve the ambiguity. Generally, any ambiguity is construed against the insurer. *Barnett v. Aetna Life Ins. Co.,* 723 S.W.2d 663, 666 (Tex.1987). However, the language used by the insurer followed the language of article 5.06–1(1). To determine the meaning of the phrase, the court examined the legislative intent behind article 5.06–1(1) of the Insurance Code and article 6701h of the Motor Vehicle Safety–Responsibility Act. In enacting article 5.06–1, the legislature's objective was to protect conscientious motorists from *"financial loss* caused by

negligent .financially irresponsible motorists." Act of Oct. 1, 1967, 60th Leg., R.S., ch. 202, § 3, 1967 Tex.Gen. Laws 448, 449 (emphasis added); *Stracener v. USAA,* 777 S.W.2d 378, 382 (Tex.1989). Likewise, the main objective of the Motor Vehicle Safety–Responsibility Act is the protection of persons from *potential losses* which may arise out of the operation of a vehicle. Act of June 17, 1981, 67th Leg., R.S., ch. 800, § 1A, 1981 Tex.Gen. Laws 3053, formerly Tex.Rev.Civ.Stat.Ann. art. 6701h, § 1A(a), *repealed,* (current version at Texas Transp.Code Ann. § 601.051 (Vernon Supp. Pamph. 1997)). The First Court determined that the legislative intent behind both provisions is to provide only compensatory damages to an injured party under an uninsured motorist policy. *Shaffer,* 888 S.W.2d at 149.

Similarly, the parties here effectively contend the policy language is ambiguous. Appellant argued in her response to State Farm's motion that the policy at issue includes coverage for *all* sums to which she is legally entitled to recover, which includes exemplary damages in the case of a grossly negligent driver. Appellant points out that article 5.06–1 contains no express exclusion for exemplary damages and State Farm's policy likewise contains no specific exclusion of exemplary damages. State Farm's position is that its policy covers only damages appellant is entitled to recover *because of bodily injury.*

Appellant argues that exemplary damages are covered by State Farm's policy because similar language in the general liability portion of an automobile policy has been held to cover punitive damages. *See Manriquez v. Mid–Century Ins. Co.,* 779 S.W.2d 482, 484–85 (Tex.App.—El Paso 1989, writ denied).[3] Other Texas cases have found that coverage for punitive damages in insurance policies

---

**2.** The Texas Supreme Court discussed "the exceptional nature of punitive damages" in *Moriel.* "Punitive (or exemplary) damages are levied against a defendant to punish the defendant for outrageous, malicious, or otherwise morally culpable conduct. The legal justification for punitive damages is similar to that for criminal punishment and like criminal punishment, punitive damages require appropriate substantive and procedural safeguards to minimize the risk of unjust punishment. Although punitive damages are levied for the purpose of punishment and deterrence, the proceeds become a private

windfall.... Our duty in civil cases, then, ... is to ensure that defendants who deserve to be punished in fact receive an appropriate level of punishment, while at the same time preventing punishment that is excessive or otherwise erroneous." *Moriel,* 879 S.W.2d at 16–17 (citations and footnotes omitted).

**3.** The policy in *Manriquez* provided that the insurer would "pay damages for bodily injury or property damage for which any covered person becomes legally responsible because of an auto accident." *Id.* at 483.

**232**

does not violate public policy. *See, e.g., American Home Assurance Co. v. Safway Steel Prod. Co.,* 743 S.W.2d 693, 705 (Tex. App.—Austin 1987, writ denied) (holding that umbrella liability policies provided coverage for punitive damage awards and such coverage did not violate public policy).

We reject appellant's contention for two reasons. First, the general liability portion of the policy was not included with the motion for summary judgment or appellant's response and is not part of the appellate record before this court. Therefore, we have no proof of what the policy provides. Secondly, the policy considerations which permit an insurer to obligate itself for punitive damages based on the conduct of its insured are different than those where uninsured motorist coverage is at issue. As noted by the Austin Court in *Safway Steel,* "[a]s long as insurance companies are willing, for a price, to provide protection against liability for punitive damages to corporations they deem 'good risks,' . . . we see no reason why these contracts should not be enforced . . ." *Safway Steel,* 743 S.W.2d at 705. With uninsured motorist coverage, there has been no opportunity for the insurer to bargain "for a price;" coverage is mandated by law with a stated purpose of relieving innocent motorists of actual losses.

We find the reasoning expressed in *Shaffer, Vanderlinden* and *Lichte* logical and persuasive. The insuring agreements for uninsured motorist coverage in these cases are identical to the language in the policy here. In view of the Texas Supreme Court's clear guidelines concerning the imposition of exemplary damages and the policy reasons therefor, we no longer accept the position taken in *Tyler.* We instead agree with our sister court's decision in *Shaffer* and hold that the uninsured motorist clause in the auto policy in this case does not cover exemplary damages as a matter of law. The trial court did not err in granting summary judgment for State Farm on this ground. We overrule appellant's point of error and affirm the judgment entered below.