**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 11, 2004**

**Charles R. Fulbruge III**
**Clerk**

**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 03-10982**
_____

**FAIRFIELD INSURANCE COMPANY,**

**Plaintiff-Appellant,**

**versus**

**STEPHENS MARTIN PAVING, LP; CARRIE BENNETT, Individually**
**and as Representative of the Estate of Roy Edward Bennett,**
**Deceased, and as Next Friend of Lane Edward Bennett,**
**Cody Lee Bennett, and April Anne Bennett, Minors,**

**Defendants-Appellees.**

---

**Appeal from the United States District Court**
**for the Northern District of Texas,**
**Abilene Division**

---

Before JOLLY, DAVIS, and JONES, Circuit Judges.

PER CURIAM:

This diversity case involves an important question of state law which the Texas courts have not resolved. Accordingly, we certify the unresolved question to the Supreme Court of Texas.

CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE
FIFTH CIRCUIT TO THE SUPREME COURT OF TEXAS, PURSUANT TO
THE TEXAS CONSTITUTION ART. 5, § 3-C AND RULE 58 OF THE
TEXAS RULES OF APPELLATE PROCEDURE TO THE SUPREME COURT OF TEXAS
AND HONORABLE JUSTICES THEREOF:

## I.  STYLE OF THE CASE

The style of the case in which certification is made is <u>Fairfield Insurance Co., Plaintiff-Appellant v. Stephens Martin Paving, LP; Carrie Bennett, Individually and as Representative of the Estate of Roy Edward Bennett, Deceased, and as Next Friend of Lane Edward Bennett, Cody Lee Bennett, and April Anne Bennett, Minors, Defendants-Appellees</u>, Case No. 03-10982, in the United States Court of Appeals for the Fifth Circuit, on appeal from the United States District Court for the Northern District of Texas. Federal jurisdiction is based on diversity of citizenship.

## II.  STATEMENT OF THE CASE

In December 2002, Roy Bennett ("Deceased"), an employee of Stephens Martin Paving ("Stephens"), was killed when a broom machine he was operating overturned.  Fairfield Insurance Company ("Fairfield") is Stephens's insurance carrier for both workers' compensation and employer liability coverage.  Fairfield, to this day, provides workers' compensation benefits to Carrie Bennett ("Bennett"), the Deceased's wife.

In January 2003, Bennett filed suit against Stephens claiming gross negligence in the death of her husband and seeking <u>only</u> punitive damages.  Stephens requested that Fairfield defend against this suit.  Fairfield initially defended, but reserved the right to deny indemnification and costs of the defense. Thereafter, Fairfield filed the present action in federal district court seeking a declaratory judgment that it had no duty to defend

or indemnify Stephens.  Fairfield argued, inter alia, that Texas public policy, as a matter of law, precludes indemnification for punitive damage awards.  Fairfield moved for summary judgment.  The district court denied Fairfield's motion and held that there was both a duty to defend and a duty to indemnify against any punitive damages award.  Fairfield appeals this ruling.

### III.  LEGAL ISSUES[1]

This court, in <u>Ridgeway v. Gulf Life Ins. Co.</u>, 578 F.2d 1026 (5th Cir. 1978), made an <u>Erie</u> prediction that Texas public policy did not bar indemnification of punitive damages awards.  Decisions of the Texas intermediate courts have substantially undermined this conclusion.[2]  A few Texas intermediate courts appear to have disagreed.[3]

---

[1]  "We briefly discuss the background legal issues involved in this appeal solely to provide the context for our decision to certify the question presented, without suggesting any opinion on the merits."  <u>Interstate Contracting Corp. v. City of Dallas, Tex.</u>, 320 F.3d 539, 543 n.5 (5th Cir. 2003).

[2]  <u>See</u> <u>generally</u> <u>State Farm Mutual Auto Ins. Co. v. Shaffer</u>, 888 S.W.2d 146 (Tex. Civ. App. — Houston [1st Dist.] 1994, writ denied); <u>GEICO v. Litche</u>, 792 S.W.2d 546 (Tex. Civ. App. — El Paso 1990, writ denied); <u>Vanderlinden v. United Servs. Auto Ass'n Property & Cas. Ins. Co.</u>, 885 S.W.2d 239 (Tex. Civ. App. — Texarkana 1994, writ denied); <u>Milligan v. State Farm Auto Ins. Co.</u>, 940 S.W.2d 228 (Tex. Civ. App. — Houston [14th Dist.] 1997, writ denied).  These rulings appear to be predicated on the Texas Supreme Court's decision in <u>Transportation Ins. Co. v. Moriel</u>, 879 S.W.2d 10, 16-17 (Tex. 1994).

[3]  <u>See</u> <u>generally</u> <u>Dairlyland Cty. Mut. Ins. Co. v. Wallgren</u>, 477 S.W.2d 341 (Tex. Civ. App. — Ft. Worth 1972, writ ref'd n.r.e.); <u>Home Indemnity Co. v. Tyler</u>, 522 S.W.2d 594 (Tex. Civ. App. — Houston [14th Dist.] 1975, writ ref'd n.r.e.); <u>Am. Home Assurance Co. v. Safeway Steel Prod. Co., Inc.</u>, 743 S.W.2d 693 (Tex. Civ. App. — Austin 1988, writ denied); <u>Westchester Fire Ins. Co. v. Admiral Ins. Co.</u>, __ S.W.3d __, 2003 WL 21475423 (Tex. Civ. App. — Ft. Worth 2003, reh'g granted).

Because the issue whether punitive damages awards are insurable under Texas public policy is significant for Texas law[4] and because the Texas intermediate courts have reached competing rulings with no definitive guidance from the Supreme Court of Texas, we hereby certify the following question to the Supreme Court of Texas and the Honorable Justices thereof. <u>See</u>, <u>e.g.</u>, <u>Chevron USA, Inc. v. Vermilion Parish Sch. Bd.</u>, 364 F.3d 607, 612 (5th Cir. 2004).

## IV.  QUESTION CERTIFIED

Does Texas public policy prohibit a liability insurance provider from indemnifying an award for punitive damages imposed on its insured because of gross negligence?

We disclaim any intention or desire that the Supreme Court of Texas confine its reply to the precise form or scope of the question certified.  The answer provided by the Supreme Court of Texas will determine this issue on appeal in this case.  The record of this case, together with copies of the parties' briefs, is transmitted herewith.

**QUESTION CERTIFIED.**

---

[4]    <u>See</u> <u>generally</u>, Catherine M. Sharkey, "Revisiting the Noninsurable Costs of Accidents," article to be published in <u>The</u> <u>Maryland</u> <u>Law</u> <u>Review</u>, available electronically on the Social Science Research Network at: http://papers.ssrn.com/author=091822.