Opinion issued February 4,
2010

 

 

 

 

 

 



 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-08-01010-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



SANDRA GERVAIS LAINE, Appellant

 

V.

 

FARMERS INSURANCE EXCHANGE, Appellee

 

 



On Appeal from the 334th District Court

Harris County, Texas

Trial Court Cause No. 2007-12590

 

 

O P I N I O N

 

In this case, we determine whether
the public policy against an insurance recovery for punitive damages assessed
against an uninsured motorist applies to an umbrella policy, which defines its
scope of coverage to be the same as the underlying uninsured motorist
coverage.  We conclude that it does.  

Sandra Gervais Laine was driving her
mother home one evening when an uninsured drunk driver struck Laine’s car.  The accident resulted in her mother’s death,
and Laine made a claim under her Farmers Insurance Exchange (Farmers) policies.  Farmers paid the policy limit under the uninsured
and underinsured motorist (UM) provision of Laine’s auto policy, but when
Farmers did not respond to Laine’s request for payment under the umbrella
policy augmenting her coverage, Laine sued Farmers for breach of the policy and
its statutory obligation to provide prompt payment, as well as the drunk driver
responsible for her mother’s wrongful death. 


The jury returned findings of actual
and exemplary damages against the drunk driver on the wrongful death claim and found
that Farmers failed to comply with its prompt payment obligation.  But because the payment Farmers already had made
to Laine under the UM policy exceeded the amount the jury found as actual
damages, the trial court granted Farmers’ motion for judgment notwithstanding
the verdict (jnov), ruling that neither the UM provision, nor the overlying
umbrella policy, covers the award of exemplary damages.

Laine appeals the jnov, contending
that the trial court erred in declining to render judgment on the verdict
because (1) Farmers’ judicial admission that the umbrella policy provided
coverage estops it from claiming that public policy precludes coverage of
exemplary damages assessed against an uninsured tortfeasor, (2) the result
unconstitutionally impairs her existing rights under the policy and violates
her right to equal protection of the law, and (3) Farmers is waived or estopped
from contesting coverage because it paid benefits under the auto policy and its
administrative denial of umbrella coverage rests on a different, erroneous,
ground.  Laine also complains of the
absence of an attorney’s fees award.  Following
established precedent holding that UM coverage does not include coverage for exemplary
damages assessed against an uninsured tortfeasor, we conclude that the trial
court properly granted judgment to Farmers. 
We therefore affirm.

BACKGROUND

          Following
the accident that killed her mother, Laine made a claim to Farmers for UM
benefits.  Her automobile policy had
coverage limits of $250,000, and the accompanying umbrella policy added
coverage up to $1,000,000.  Farmers paid
Laine the policy limits on the underlying policy, but did not respond to her
request for additional payment under the umbrella policy.  

When she did not receive additional
payment, Laine sued Farmers, claiming that Farmers breached the umbrella policy
and violated the Texas Prompt Payment Act. 
Tex. Ins. Code Ann.
§ 542.056 (Vernon 2009).  The trial
court tried the case in three phases.  The
first phase addressed Laine’s actual damages in her wrongful death claim.  The jury found actual damages of $175,000.00
for Laine’s mother’s wrongful death.  

In the second phase, the trial court
directed a verdict finding the drunk driver guilty of intoxication manslaughter
and asked the jury to find the amount of exemplary damages that should be
assessed against the drunk driver.  In
response to this question, the jury assessed $1,500,000.00 against the drunk driver.  

The third phase involved Laine’s
claims against Farmers.  The jury found
that Farmers failed to comply with the requirements of the Prompt Payment Act,
but declined to award her attorney’s fees.

          Farmers
moved for jnov, contending that it had not violated the Prompt Payment Act
because the UM coverage under Laine’s policy does not include coverage for
punitive damages. The trial court agreed and, finding that Farmers’ $250,000.00
payment under Laine’s auto policy offset the jury’s $175,000.00 actual damages
finding on her wrongful death claim, signed a take-nothing judgment.  

DISCUSSION

Standard of review

A trial court may disregard a jury’s
verdict and render a jnov if the evidence is legally insufficient to support
the jury’s findings or if a directed verdict would have been proper because a
legal principle precludes recovery.  Tex. R. Civ. P. 301; Brown v. Bank of Galveston, 963 S.W.2d
511, 513 (Tex.1998); Fort Bend County
Drainage Dist. v. Sbrusch, 818 S.W.2d 392, 394 (Tex.1991); Williams v. Briscoe, 137 S.W.3d 120, 124
(Tex. App.—Houston [1st Dist.] 2004, no pet.); John Masek Corp. v. Davis, 848 S.W.2d 170, 173 (Tex. App.—Houston
[1st Dist.] 1992, writ denied).  To
determine whether the trial court erred in granting a jnov, we view the
evidence in the light most favorable to the verdict.  See
Weirich v. Weirich, 833 S.W.2d 942, 945 (Tex. 1992).  If more than a scintilla of competent evidence
supports the jury’s findings, we must reverse the jnov.  Leitch
v. Hornsby, 935 S.W.2d 114, 118 (Tex. 1996); Old Republic Ins. Co. v. EX-IM Servs. Corp., 920 S.W.2d 393, 395
(Tex. App.—Houston [1st Dist.] 1996, no writ).  When the evidence supporting the finding, as a
whole, rises to a level that would lead reasonable and fair-minded people to
differ in their conclusions, the evidence comprises more than a scintilla.  Williams,
137 S.W.3d at 124; see Burroughs Wellcome
Co. v. Crye, 907 S.W.2d 497, 499 (Tex. 1995). 

Insurance policy interpretation

          The
gist of Laine’s contentions on appeal is that the umbrella policy covers the
jury’s exemplary damages award on her wrongful death claim, and the trial court
erred in ruling to the contrary.  As with
other contracts, an insurance policy’s terms must be given effect if we can
discern the parties’ intent from their plain language.  See
Utica Nat’l Ins. Co. of Tex. v. Am. Indem. Co., 141 S.W.3d 198, 202 (Tex.
2004).  If the policy language has only
one reasonable interpretation, then it is not ambiguous, and we construe it as
a matter of law.  Fiess v. State Farm Lloyds, 202 S.W.3d 744, 746 (Tex. 2006); Am. Mfrs. Mut. Ins. Co. v. Schaefer, 124
S.W.3d 154, 157 (Tex. 2003).  On the
other hand, if the language is susceptible of two or more reasonable
interpretations, then it is ambiguous, and we resolve the uncertainty by
adopting the reasonable interpretation that favors the insured.  Fiess,
202 S.W.3d at 746 (citing Nat’l Union
Fire Ins. Co. v. Hudson Energy Co., 811 S.W.2d 552, 555 (Tex. 1991)).  

A conclusion that the policy language
provides coverage does not end our inquiry. 
See Fairfield Ins. Co. v. Stephens Martin Paving, L.P., 246 S.W.3d 653,
655 (Tex. 2008) (applying two-step inquiry into whether exemplary damages for
gross negligence are insurable).  In that
event, we must “determine whether the public policy of Texas allows or prohibits
coverage in the circumstances of the underlying suit.”  Id.  We look first to the statutes to determine
whether the Legislature has made an explicit policy decision.  Id.  If we find no explicit pronouncement, “we
then consider the general public policies of Texas.”  Id.

          Insurance policy language

          Laine’s
umbrella policy defines “damages” as “the total of damages that the insured
must pay (legally or by agreement with our written consent) because of bodily
injury, personal injury or property damage caused by an occurrence covered by
this policy . . . .” 
The umbrella policy contains no express general exclusion for general
damages within the description of damages that an insured must pay.  

With respect to UM coverage, however,
the umbrella policy declares that

[f]or the
additional premium paid, it is agreed that this policy will provide Uninsured
and/or Underinsured Motorist Coverage(s) to you or any other insured under this
policy, to the extent that either or both coverages are a part of the
underlying insurance, except for our limit of liability.

Because the umbrella policy directs
us to the underlying auto insurance to determine the scope of the UM coverage,
we next turn to that provision.  The UM
provision states:

We will pay
damages which a covered person is legally entitled to recover from the owner or
operator of an uninsured motor vehicle because of bodily injury sustained by a
covered person, or property damage, caused by an accident.

The UM provision defines “covered
person” as 

1.       You or any family member;

2.       Any other person occupying your covered
auto;

3.       Any person for damages
that person is entitled to recover because of bodily injury to which this
coverage applies sustained by a person described in 1. or 2. above.

The auto policy, unlike the umbrella
policy, does not define “damages.”  The
UM coverage specifies that it will pay the amount to which a covered person is
legally entitled because of “bodily injury . . . or property damage,” and is
silent on the issue of exemplary damages. 
The UM provision’s “Limit of Liability” section explains that “[i]n
order to avoid insurance benefits payments in excess of actual damages
sustained, subject only to the limits set out in the Declarations and other
applicable provisions of this coverage, we will pay all covered damages not
paid or payable under any workers’ compensation law, disability benefits law,
any similar law, auto medical expense coverage or Personal Injury Protection
Coverage.”  Our court has held that this
language suggests that the UM provision is not intended to cover exemplary
damages because such amounts are in “excess of actual damages sustained” and
not losses “because of” bodily injury or property damage, but did so only after
looking to the statutory intent underlying UM coverage. State Farm Mut. Auto. Ins. Co. v. Shaffer, 888 S.W.2d 146, 148–49
(Tex. App.—Houston [1st Dist.] 1994, writ denied).  

          Thus,
neither the umbrella policy nor the underlying auto policy expressly permits recovery
of exemplary damages for Laine’s wrongful death claim against the drunk driver under
the UM provision—nor does either policy expressly prohibit it.  Laine contends that Farmers judicially
admitted that the policy provides coverage for exemplary damages because the
umbrella policy contained no exclusion for “damages which are punitive or
exemplary.”  Under the umbrella policy’s
definition, “damages,” and thus, the corresponding exclusions and endorsements,
applies to amounts that an insured
must pay, not to amounts owed to a covered person by an operator of an uninsured or underinsured motor vehicle.  These latter amounts are instead defined
within the insured’s auto policy.  As the
trial court determined, Farmers’ acknowledgement that the umbrella policy
covered punitive or exemplary damages when the accident occurred does not
support a corollary conclusion that the umbrella policy’s coverage extends to
exemplary damages assessed against the third party uninsured or underinsured
drunk driver; rather, the UM policy refers the reader to the underlying UM
coverage to answer that question.  

          As
our court observed in Shaffer,
however, we need not definitively answer the question of whether Laine’s
umbrella policy, together with the UM policy language, covers exemplary damages
assessed against a third-party tortfeasor—even if it does, Texas public policy nonetheless
prohibits it.  See id.

          Public policy considerations

As the Texas Supreme Court has
observed, “Texas appellate courts have uniformly rejected as against public
policy coverage under uninsured or underinsured motorist policies when the
insured seeks to recover from his own insurer exemplary damages assessed
against a third-party tortfeasor.”  Fairfield, 246 S.W.3d at 668; see Milligan v. State Farm Mut. Auto. Ins.
Co., 940 S.W.2d 228, 232 (Tex. App.—Houston [14th Dist.] 1997, writ
denied); Shaffer, 888 S.W.2d at 149; Vanderlinden v. United Servs. Auto. Ass’n
Prop. & Cas. Ins. Co., 885 S.W.2d 239, 242 (Tex. App.—Texarkana 1994,
writ denied).  

We
squarely addressed this issue in Shaffer,
holding that “both public policy and the language contained in the Insurance
Code and the Motor Vehicle Safety-Responsibility Act limit recovery under an
uninsured-underinsured motorist policy to compensatory damages.”  888 S.W.2d at 149–50 (citing Tex. Civ. Stat. Ann. art. 6701h, § 1A(a)
(current version codified at Tex. Ins.
Code Ann. § 1952.101 (Vernon 2009)), and Act of Oct. 1, 1967, 60th
Leg., R.S., ch. 202, § 3, 1967 Tex. Gen.
Laws 448, 449 (current version codified at Tex. Transp. Code Ann.
§§ 601.001–601.054
(Vernon 1999 & Supp. 2009)).  We
observed that “[t]his policy does not support rendering damages against State
Farm since neither deterrence of wrongful conduct nor punishment . . .
of the wrongdoer[] is achieved by imposing exemplary damages upon Shaffer’s
insurance carrier for [the] wrongful act.” 
Id., quoted in Fairfield, 246 S.W.3d at 668.  More recently, the Supreme Court has pointed
to Chapter 41 of the Civil Practice and Remedies Code as further indication
“that the punishment imposed through exemplary damages is to be directed at the
wrongdoer.”  Fairfield, 246 S.W.3d at 667.  Our own precedent, cited with approval by the
Texas Supreme Court in Fairfield, and
the more recent authority, lead us to decline Laine’s invitation to follow
older Texas decisions to the contrary, which have been disapproved by the
Supreme Court in the intervening years.  See Fairfield, 246 S.W.3d at 668 &
n.22 (citing with approval Milligan, Shaffer, Vanderlinden, and Government
Employees Ins. Co. v. Lichte, 792 S.W.2d 546, 549 (Tex. App.—El Paso 1990),
writ denied per curiam, 925 S.W.2d
431 (Tex. 1991)); see also id. at 683
(Hecht, J., concurring) (identifying Manriquez
v. Mid-Century Ins. Co., 779 S.W.2d 482 (Tex. App.—El Paso 1989, writ
denied), a case relied on by Laine, as one of only two courts that “have
concluded that punitive damages are damages for bodily injury covered by
automobile policies,” a position that “has been uniformly rejected in the
context of uninsured and underinsured motorist coverage”); Home Indem. Co. v. Tyler, 522 S.W.2d 594, 597 (Tex. Civ.
App.—Houston [14th Dist.] 1975, writ ref’d n.r.e.) (holding that language
requiring insurer to “pay all sums which the insured . . . shall
be legally entitled to recover as damages from the owner or operator of an
uninsured automobile” includes recovery of exemplary damages under uninsured
motorist provision of policy), overruled
by Milligan, 940 S.W.2d 228 (citing Shaffer
with approval).  

Laine criticizes Fairfield, but, as a lower appellate court, we must obey the
pronouncements of the Texas Supreme Court. 
See In re K.M.S., 91 S.W.3d
331, 331 (Tex. 2002) (per curiam).  The
trial court thus correctly determined that the UM coverage available under
Laine’s umbrella policy does not extend to exemplary damages against the
tortfeasor as a matter of law.[1] 




 

          Estoppel and constitutional claims

          Because
Laine’s UM provisions do not provide coverage of exemplary damages, her remaining
waiver and estoppel arguments are unavailing. 
The fact that Farmers may have denied coverage for one reason does not
mean that coverage is made available when another reason for denial would
suffice.  “The doctrine of estoppel
cannot be used to create insurance when none exists by the terms of the
policy.”  Utica Nat’l Ins. Co., 141 S.W.3d at 203 (quoting Texas Farmers Ins. Co. v. McGuire, 744
S.W.2d 601, 602–03 (Tex. 1988)).  

Finally, Laine contends that her
inability to recover exemplary damages under the UM coverage violates her right
to equal protection under the Texas Constitution because other similarly
situated claimants can collect exemplary damages under an insured tortfeasor’s
policy.  The Texas Supreme Court,
however, has articulated the rationale for that result:

In the uninsured
and underinsured motorist context, it may be appropriate for policyholders to
share in the burden of injuries caused by underinsured motorists, but not their
punishment.  In other words, the purpose
of exemplary damages may not be achieved by penalizing those who obtain the
insurance required by law for the wrongful acts of those who do not.

Fairfield, 246
S.W.3d at 669–70.  By requiring UM
coverage, the Texas Legislature ensured that persons injured by uninsured
motorists would be compensated for their actual injuries.  See Tex. Ins. Code Ann. § 1952.101; Shaffer, 888 S.W.2d at 149.  Nothing prevents Laine from executing the
exemplary damages judgment directly against the tortfeasor himself.  Laine therefore has failed to show an equal
protection violation.

CONCLUSION

 

Following Shaffer, we hold that the trial court correctly granted Farmers’ motion
for jnov on the basis that the UM provision of Laine’s umbrella policy does not
cover the exemplary damages award the jury assessed against the uninsured drunk
driver for the wrongful death of her mother. 
We therefore affirm the judgment of the trial court.

 

                                                          Jane Bland

                                                          Justice

 

Panel consists of Justices Bland,
Massengale, and Wilson.[1]











[1] Because Laine does not prevail on her Prompt Payment
Act claim, she is not entitled to recover her attorney’s fees.  See Tex. Ins. Code Ann. § 542.060
(Vernon 2009).  





[1] The
Honorable Randy W. Wilson, judge of the 157th District Court of Harris County,
Texas, participating by assignment.  See Tex. Gov’t Code Ann. § 74.003(h) (Vernon 2005).