**Rhonda Kay CRADOCT, et al., Appellants,**

v.

**EMPLOYERS CASUALTY COMPANY, Appellee.**

No. 08–86–00313–CV.

Court of Appeals of Texas, El Paso.

May 20, 1987.

Rehearing Denied June 17, 1987.

Robert E. White, Childs & Bishop Law Offices, Inc., Odessa, L. Lloyd MacDonald, Turpin, Smith, Dyer, Saxe & MacDonald, Midland, for appellants.

Perry Davis, Jr., Steve Hershberger, Shafer, Davis, McCollum, Ashley, O'Leary & Stoker, Odessa, for appellee.

Before SCHULTE, FULLER and WOODARD, JJ.

## OPINION

FULLER, Justice.

Appellants appeal from a determination by the trial court in a declaratory judgment action that the extent of liability under a general liability and automobile insurance policy which stated $100,000.00 limit "per person" meant the person injured or killed and not those that suffered damages as a result of that injury or death. We affirm the judgment of the trial court.

Clifford Arlon Gesch was the driver of the vehicle that collided with a motorcycle driven by Jeffrey Dean Cradoct, resulting in the death of Jeffrey Dean Cradoct. Gesch worked for Gesch Service Company which was covered by a general liability policy with Appellee Employers Casualty Company. Coverage consisted of bodily injury liability of $100,000.00 "each person" and $300,000.00 "each occurrence."

A wrongful death and survival action was brought by the statutory beneficiaries and the estate of Jeffrey Cradoct, which is still pending in Ector County, Texas. None of the statutory heirs or beneficiaries witnessed the accident.

The trial court held that the $100,000.00 "each person" limit referred to each person killed and not to each person suffering damages as a result of the death.

By Points of Error Nos. One and Two, Appellants urge that (1) the trial court erred in construing the term "each person" as used in the general liability and automobile insurance policy to mean the individual killed in the accident and not to survivors or beneficiaries that suffered damages as a result of that death, and (2) the trial court erred in ruling that the liability under the insurance policy was limited to $100,000.00 because only one person was killed in the accident.

Neither Appellee nor Appellants contend that the policy provisions are ambiguous, and it is agreed that the policy in question provides for bodily injury liability of $100,000.00 for each person and $300,000.00 for each occurrence. The policy further states, and we quote:

> The limit of bodily injury liability stated in the declarations as applicable to "each person" is the limit of the company's liability for all damages, including damages for care and loss of services, because of bodily injury sustained by one person as the result of any one occurrence; but subject to the above provision respecting "each person", the total liability of the company for all damages, including damages for care and loss of services, because of bodily injury sustained by two or more persons as the result of any one occurrence shall not exceed the limit of bodily injury liability stated in the declarations as applicable to "each occurrence".

Under the Texas Tort Claims Act, that portion stating, "[l]iability hereunder shall be limited to $100,000 per person and $300,000 for any single occurrence for bodily injury or death" has been held to mean the person injured rather than those persons who suffered a loss as a result of an injury to someone else. *Madisonville Independent School District v. Kyle*, 658 S.W.2d 149 (Tex.1983); *City of Austin v. Cooksey*, 570 S.W.2d 386 (Tex.1978). This interpretation seems to be generally followed outside of Texas where policies contain the same or similar language as the one in question in this case. *Moore v. State Farm Mutual Insurance Company*, 710 S.W.2d 225 (Ky.1986); *Valdez v. Interinsurance Exchange of the Automobile*

*Club of Southern California,* 246 Cal. App.2d 1, 54 Cal.Rptr. 906 (1966).

Jeffrey Dean Cradoct was the only person injured (resulting in his death). Therefore, the policy in question states that there is a limitation of $100,000.00 bodily injury liability "per person" and we find all damage claims direct or consequential resulting from the death of Jeffrey Dean Cradoct are subject to the $100,000.00 limitation and not the $300,000.00 each occurrence. Points of Error Nos. One and Two are overruled.

The judgment of the trial court is affirmed.