MISSION AMERICAN INSURANCE
COMPANY, a Foreign Insurance
Corp., Appellant,

v.

Amparo Dolores Riefkohl Craules Vda de
GONZALEZ, et al., Christina Gonzalez
Fernandez Vda de Gonzalez, et al.,
Laura Gamboa Concepcion, Leon Gar-
cia Vda de Gamboa, et al., Appellees.

No. 04–88–00646–CV.

Court of Appeals of Texas,
San Antonio.

Oct. 11, 1989.

Rehearing Denied Nov. 22, 1989.

Charles H. Smith, J. Michael Colpoys, Maloney & Smith, Dallas, for appellant.

Bob Gibbins, Yii–Chwen (Francis) Pan, Steve Gibbins, Gibbins, Bratton & Pan, Austin, for appellees.

Before BUTTS, PEEPLES and CARR, JJ.

## OPINION

PEEPLES, Justice.

This declaratory judgment action requires us to interpret insurance policy limits. Plaintiffs are the relatives and beneficiaries of three passengers who died in an airplane crash. Defendant had provided liability insurance to the plane's owner. The sole question is whether the insurance policy's maximum coverage for wrongful death suits is $300,000 or $1,000,000 per occurrence. Both sides filed motions for summary judgment. The trial court granted the plaintiffs' motion and denied the defendant's motion, holding that there is

$1,000,000 coverage. We reverse and render.

The pertinent language of the insurance policy is as follows:

## TRANSPORT INDEMNITY COMPANY

Agrees with the insured, named in the declarations made a part hereof, in consideration of the payment of the premium and in reliance upon the statements in the declarations and subject to all of the terms of this policy:

### INSURING AGREEMENTS

\* \* \* \* \* \*

**Coverage D—Single Limit Bodily Injury (including or excluding passengers) and Property Damage Liability.** To pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, excluding passengers as defined herein, unless the Declarations describe Coverage D as "Including Passengers," and for damages because of injury to or destruction of property, including the loss of use thereof, caused by an occurrence and arising out of the ownership, maintenance or use of the aircraft.

\* \* \* \* \* \*

### EXCLUSIONS

[exclusions 1–10 are omitted]

### DEFINITIONS

[definitions 1–7 are omitted]

### CONDITIONS

\* \* \* \* \* \*

4. **Limits of Liability.** The limit of liability stated in the Declaration for Coverages C and D is the limit of the Company's liability for all damages arising out of one occurrence.

\* \* \* \* \* \*

### DECLARATIONS

\* \* \* \* \* \*

4. COVERAGES: the insurance afforded is only with respect to such and so many of the following coverages as are indicated by specific premium charge or charges. The limit of the Company's liability against each such coverage shall be as stated herein, subject to all of the terms of this Policy having reference thereto....

| COVERAGES | LIMITS OF LIABILITY |
|---|---|
| \* \* \* | |
| D. Single Limit Bodily | SEE ENDORSEMENT #1 |
| Injury and Property Damage Liability Including Passengers | $1,000,000 each occurrence |
| \* \* \* | |

### ENDORSEMENT NO. 1

### LIMIT OF PASSENGER LIABILITY ENDORSEMENT

IT IS AGREED THAT WITH RESPECT TO COVERAGE D, THE COMPANY'S LIMIT OF LIABILITY FOR BODILY INJURY SUSTAINED BY ANY ONE PASSENGER SHALL NOT EXCEED $100,000 AND THAT AMOUNT MULTIPLIED BY THE NUMBER OF PASSENGER SEATS, AS DEFINED, FOR EACH ACCIDENT BUT IN NO EVENT MORE THAN $300,000 EACH OCCURRENCE. SAID LIMITS OF PASSENGER LIABILITY ARE PART OF AND NOT IN ADDITION TO THE LIMIT OF LIABILITY SET FORTH FOR COVERAGE D OF ITEM 4 OF THE DECLARATIONS.

We note that the *heading* of "Coverage D" refers to coverage of "Bodily Injury (including or excluding passengers) and Property Damage Liability." The *text* of Coverage D makes clear that "damages because of bodily injury, sickness or dis-

ease, including death" are covered. Several other sentences in the text of the policy, not quoted here, also refer to "damages because of bodily injury, sickness or disease, including death" or to "bodily injury, sickness, disease or death." The headings of Coverages A and B, which are part of the form contract but are not part of the coverages purchased by the insured, refer to "Bodily Injury," leaving it to the text to specify that death coverage is included. The Declarations page, under the heading of "Coverage," states the policy limits for "Bodily Injury and Property Damage Liability." Those limits are $1,000,000 for all coverages but for "bodily injury ... in no event more than $300,000 each occurrence."

Plaintiffs contend that Endorsement # 1, which states $300,000 policy limits for "Bodily Injury," does not include wrongful death because elsewhere the policy uses the language "bodily injury, sickness or disease, including death." Plaintiffs argue that the policy generally extends $1,000,000 coverage and Endorsement # 1 is an exclusion of liability beyond $300,000 for "bodily injury" and should therefore be construed strictly against the insurer.

At the outset we note that the policy *extends coverage* for "Bodily Injury" but *limits defendant's liability* for "Bodily Injury" to passengers to $300,000 per occurrence. Defendant argues that, as a matter of logic, if the term "Bodily Injury" does not encompass wrongful death *for purposes of policy limits*, as plaintiffs contend, then the same term should not encompass wrongful death when *extending coverage* in the first place. Defendant points this out, not to avoid coverage for even $300,000, but to show that plaintiffs' construction of the term would defeat coverage even to the extent of $300,000, and is therefore unreasonable.

For plaintiffs' construction to prevail there must be some basis for giving "Bodily Injury" one meaning when extending coverage but a different meaning when determining policy limits. Perhaps this is why plaintiffs urge us to treat the policy limits endorsement as an exclusion, and to

hold that it must be read strictly and narrowly to apply to bodily injury not including death. Both parties apparently acknowledge the rule that when language in an insurance policy "is subject to two or more *reasonable* interpretations, the construction which affords coverage will be adopted." *Blaylock v. American Guarantee Bank Liability Ins. Co.*, 632 S.W.2d 719, 721 (Tex.1982) (emphasis added). The rule applies only when both competing interpretations are "reasonable." Words of exception and limitation are construed with special strictness against the insurer. *Ibid.; Glover v. National Insurance Underwriters*, 545 S.W.2d 755, 761 (Tex.1977).

Defendant argues that Endorsement # 1 deals with coverage, that it is not an exclusion, and that coverage 4 states $300,000 limits for Bodily Injury as a category in contrast to the property damage and medical payments categories. Defendant further points out that the $300,000 limit applies only to liability claims of passengers; it does not apply to claims of non-passengers, such as the crew and persons on the ground, or to property damage liability.

We believe that defendant's reading is correct. Endorsement # 1 clearly applies to Coverage D, which refers in its title to "Bodily Injury" and "Property Damage" but in text makes plain that the coverage encompasses "bodily injury, sickness or disease, including death." Endorsement # 1 is contained within the "Coverage D" box of the declarations page. That box uses the term "Bodily Injury" when referring to *coverage*, and $300,000 for "Bodily Injury" when referring to *limits of liability*. The endorsement is not contained in the "Exclusions" section of the policy. For these reasons we conclude that the language and structure of the policy itself dictate that the endorsement is a limit of liability concerning coverage, not an exclusion.

Our conclusion is bolstered by the general rules that define what constitutes a contractual exception or exclusion. "The ordinary purpose of an exception is to take something out of the contract which would otherwise have been included in it." *Lyons v. Montgomery*, 701 S.W.2d 641, 643 (Tex.

1985). *Accord, American Cas. Co. v. Myrick,* 304 F.2d 179, 184 (5th Cir.1962); *Young v. Kilroy Oil Co.,* 673 S.W.2d 236, 245 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.); *Alamo Cas. Co. v. Richardson,* 235 S.W.2d 726, 731 (Tex.Civ.App.—Beaumont 1950, writ ref'd n.r.e.); *Maryland Cas. Co. v. Texas Fireproof Storage Co.,* 69 S.W.2d 826, 827 (Tex.Civ.App.—Waco 1934, writ ref'd); 43 AM.JUR.2d *Insurance* § 461 (1982).

When we consider examples of conduct that have traditionally been considered as exceptions or exclusions, we think it is obvious that a policy's limits of liability are not to be considered an exception or exclusion. Exceptions and exclusions from coverage have traditionally referred to *losses, risks, perils, hazards, and causes* that are excised from coverage. One authority lists the following examples of exceptions on which the insurer has the burden of proof:

> that death or injury resulted from a lack of due diligence on the part of the insured or a voluntary exposure to unnecessary danger; that the death or injury of the insured occurred in consequence of a violation of law; or of an assault or altercation; that injuries were intentionally inflicted upon the insured; that death resulted from intoxication or while intoxicated; or that disability was due to mental infirmity.

44 AM.JUR.2d *Insurance* § 1938 (1982) (footnotes omitted). And the exclusions in the policy in the present case—intentional damage, operation by unauthorized pilots, and various other types of conduct under the several coverages—*are events and types of conduct* that are not covered. After extensive research, we have found no cases holding or suggesting that the statement of policy limits is an exclusion. We hold that the limit of liability stated in Endorsement # 1 is not an exclusion, but a part of the policy's coverage.

■ Plaintiffs argue that "bodily injury" ordinarily does not include "death," and that the policy uses the term "bodily injury" in certain places and "bodily injury, sickness or disease, including death" in others. Therefore, plaintiffs argue, the usage "bodily injury" in Endorsement # 1 should not include death. But these arguments do not come to grips with the fact that the policy uses the term "bodily injury" when referring to types of coverage *categories,* and "bodily injury ... including death" only to make clear that the bodily injury category encompasses sickness, disease, and death. We have not found any instance in which this insurance policy applies to bodily injury apart from death.

It is plain that the endorsement is to be read in the context of its usage in the boxes on the declarations page. If the boxes had been large enough—and the entire endorsement had been typed into the box instead of incorporated by reference—the usage of "bodily injury" would have been more apparent to the reader's eye. That is, the declarations page must be read as follows (emphasis added):

| 4. COVERAGES: * * * | |
|---|---|
| **COVERAGES** | **LIMITS OF LIABILITY** |
| A. * * * | |
| B. * * * | |
| C. * * * | |
| D. Single Limit <u>Bodily Injury</u> and Property Damage Liability Including Passengers | IT IS AGREED THAT WITH RESPECT TO COVERAGE D, THE COMPANY'S LIMIT OF LIABILITY FOR <u>BODILY INJURY</u> SUSTAINED BY AN ONE PASSENGER SHALL NOT EXCEED $100,000 AND THAT AMOUNT MULTIPLIED BY THE NUMBER OF PASSENGER SEATS, AS DEFINED, FOR EACH ACCIDENT BUT IN NO EVENT MORE THAN $300,000 EACH OCCURRENCE. SAID LIMITS OF PASSENGER LIABILITY ARE PART OF AND NOT IN ADDITION TO THE LIMIT OF LIABILITY SET FORTH FOR COVERAGE D OF ITEM 4 OF THE DECLARA-TIONS.<br><br>$1,000,000 each occurrence |

We conclude that the language is susceptible to only one reasonable interpretation: "Bodily injury" has the same meaning in the *limits of liability* box of the declarations page as it has in the *coverage* box of the declarations page and the Coverage D section of the Insuring Agreements.

It is true that the policy could have said "bodily injury including death" instead of "bodily injury." But it would require too much straining to say that the coverage box on the left could use the term "bodily injury" but the limits of liability box on the right could not use the same term, even though both boxes refer to the same Coverage D on page one of the policy. The "coverages" categories on the declarations page refer to "Bodily Injury," "Property Damage," "Medical Payments," "All Risks." We hold that when the *limits of liability* box of section 4(D) on the Declara-tions page employed the same term—"bodily injury"—that the *coverages* box of the same section employed, no ambiguity was created and the term has the same meaning in both portions of section 4(D) of the policy.

Our holding is based on the language of the policy, considered in the context of the entire policy. For this reason we are not persuaded by the two out-of-state cases on which plaintiffs place great reliance, *Mid–Century Ins. Co. v. Hauck*, 35 Cal.App.3d 293, 110 Cal.Rptr. 707 (1973), and *American Accident Co. v. Carson*, 99 Ky. 441, 36 S.W. 169 (1896). *Hauck* and *Carson* involved totally different policies that used completely different language. Likewise, we do not rest our decision on the principal case cited by defendant, *Wiesmueller v. Interstate Fire & Casualty Co.*, 568 F.2d 40 (7th Cir.1978).

Plaintiffs also contend that they were not "passengers" and that therefore the $300,000 limit of liability for claims by passengers does not apply to them. Plaintiffs have brought suit for the deaths of passengers, and not for injuries to themselves. We think their argument is answered by the cases holding that statutes and insurance policies that limit recovery to a certain dollar amount "per person" mean "per injured person" not "per claimant." *McGovern v. Williams*, 741 S.W.2d 373, 375 (Tex.1987); *City of Austin v. Cooksey*, 570 S.W.2d 386, 387–88 (Tex.1978); *Cradoct v. Employers Casualty Co.*, 733 S.W.2d 301 (Tex.App.—El Paso 1987, writ ref'd).

The judgment is reversed and judgment rendered that the policy provides a maximum coverage of $300,000 for bodily injury including death.

## ON APPELLEE'S MOTION FOR REHEARING

Plaintiffs' motion for rehearing complains that we did not construe the insurance policy strictly against the insurer. We respectfully disagree with that contention. It is true that we concluded that the provision in question was not an exclusion. We addressed that question only because we understood from counsel's remarks at oral argument that plaintiffs contended that because words of exclusion were involved, they should be construed with *special* strictness. *See Blaylock v. American Guarantee Bank Liability Ins. Co.*, 632 S.W.2d 719, 721 (Tex.1982); *Ramsay v. Maryland American General Ins. Co.*, 533 S.W.2d 344, 349 (Tex.1976).

In any event, whether the provision is one of exclusion or not, if there are two *reasonable* interpretations of policy language the one favoring the insured will prevail. We have applied that principle. For the reasons stated in our original opinion, we cannot agree that the construction urged by plaintiffs is a reasonable one.

The motion for rehearing is overruled.