**GLOBAL AEROSPACE, Federal Insurance Company, and the Continental Insurance Company, Appellants,**

v.

**Vance C. PINSON and Ryan C. Pinson, Both Individually, and Carlos Barajas as Independent Executor of the Estate of Maria Del Rosario Grassley, Appellees.**

No. 13–05–296–CV.

Court of Appeals of Texas, Corpus Christi–Edinburg.

Oct. 19, 2006.

David T. Moran, Jackson & Walker, Dallas, for appellants.

William Maynard, Beirne, Maynard & Parsons, Houston, Aizar J. Karam, Jr., Garcia & Karam, LLP, McAllen, Brendan K. McBride, Prichard, Hawkins & Young, San Antonio, for appellees.

Before Chief Justice VALDEZ and Justices RODRIGUEZ and GARZA.

## OPINION

Opinion by Justice RODRIGUEZ.

This case involves the interpretation of policy limits of an insurance contract.

By three issues, appellants, Global Aerospace, Federal Insurance Company, and the Continental Insurance Company, complain that the trial court erred in (1) granting the counter-motion for summary judgment filed by appellees, Vance C. Pinson and Ryan C. Pinson, both individually, and Carlos Barajas as independent executor of the estate of Maria Del Rosario Grassley, (2) denying appellants' motion for summary judgment, and (3) overruling appellants' objections to appellees' summary judgment evidence. We affirm.

## I. Background

On July 9, 2003, Harold E. Grassley and Maria, husband and wife, were killed in an airplane accident. At the time of the accident, Harold was piloting the airplane, and Maria was the only passenger. Federal Insurance Company and the Continental Insurance Company had provided liability insurance to Harold, the plane's owner. Global Aerospace signed the policy on behalf of the two insurers. Vance and Ryan, Maria's sons, filed suit against Breton A. Grassley, as independent administrator of the estate of Harold E. Grassley, to recover damages under the wrongful death statute, while Maria's estate sought to recover damages under the survival statute.[1] *See* Tex. Civ. Prac. & Rem.Code Ann. §§ 71.002, 71.021 (Vernon 1997). Appellees also sought a declaratory judgment that the liability insurance policy sets a limit of $1,000,000 for mental anguish damages claimed by Vance and Ryan rather than $100,000 as asserted by appellants.

Competing traditional motions for summary judgment were filed. The trial court denied appellants' motion and granted appellees' counter-motion ordering that "the applicable policy limits of the Insurance Policy in controversy herein ... provides a total policy limit of $1,000,000 in coverage for the claims asserted and the damages sought by Plaintiffs." This appeal ensued.

## II. Policy Liability Limits

■ By their first and second issues, appellants contend that the trial court erred in granting appellees' counter-motion for summary judgment and denying their motion because the plain policy language limits total liability for all damages incurred because of passenger Maria's death to $100,000.

### A. Policy Language

The pertinent policy provisions are as follows:

INSURING AGREEMENTS

I. LIABILITY COVERAGES

\* \* \*

**Coverage D—Single Limit Bodily Injury and Property Damage Liability** [The Company agrees with the **Named Insured** with respect to those coverages indicated in Item 3 of the Declarations] [t]o pay on behalf of **the Insured** all sums which the Insured shall become *legally obligated* to pay as damages because of **bodily injury** sustained by *any* *person* (excluding any **passenger** unless the words "including **passengers**" ap-

---

1. In the third amended original petition, Vance and Ryan sought damages including, but not limited to, the loss of companionship and society and mental anguish. Pursuant to a compromise and settlement agreement, all claims and causes of actions asserted by plaintiffs against Breton A. Grassley, as independent administrator of the estate of Harold E. Grassley, were dismissed with prejudice.

pear in Item 3 of the declarations) and **property damage,**

caused by an **occurrence** and arising out of the ownership, maintenance or use of the **aircraft** . . . .

\* \* \*

COVERAGE(S)
LIABILITY

D. Single limit **Bodily Injury and Property Damage Liability including Passengers**

\* \* \*

Endorsement No. 8

EACH PASSENGER LIMITATION

(Applicable to Coverage D)

In consideration of payment of the premium for this policy, it is agreed that the portion of the LIMIT OF THE COMPANY'S LIABILITY section of the policy under the sub-heading COVERAGES A, B, C and D (Total Liability) that is applicable to Coverage D is amended to read as follows:

Coverage D. The total liability of the Company for all damages, including damages for care and loss of services, because of *bodily injury* sustained by *any passenger* as the result of any one **occurrence** shall not exceed $100,000. Subject to the above provision respecting each **passenger,** the total liability of the Company for all damages, including damages for care and loss of services, because of *bodily injury* sustained by *all passengers* as the result of any one occurrence shall not exceed the less of (a) the product of $100,000 times the total number of seats in the aircraft; or

**2.** Before it was amended, the limit of the Company's liability sub-section Coverage D read as follows:

Coverage D. The total liability of the Company for all damages, including damages for care and loss of service, because of bodily injury or property damage sustained by one or more

DECLARATIONS

\* \* \*

Item 3. Insurance is provided only with respect to the following Coverages for which a limit of liability is specified, subject to all conditions of this policy.

\* \* \*

LIMIT(S) OF LIABILITY

Each **Occurrence** Each **Passenger**
$1,000,000 $100,000

(b) the limit of liability stated in the Declarations as applicable to "each **occurrence.**" Subject to both of the above provisions respecting **bodily injury to passengers,** the total liability of the Company for all damages, including damages for care and loss of services, because of *bodily injury* or **property damage** sustained by *one or more persons* or organizations as the result of any one **occurrence** shall not exceed the limit of liability stated in the Declarations as applicable to "each **occurrence.**"

ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED

This endorsement is effective: November 14, 2002.[2]

(Bold emphasis in original.[3] Italicized emphasis added.)

The policy also provides the following relevant definitions:

"**Bodily injury**" means bodily injury, sickness, disease or *mental anguish* sustained by *any person* which occurs during the policy period, including death at any time resulting therefrom;

persons or organizations as the result of any one **occurrence** shall not exceed the limit of liability stated in the declarations as applicable to "each **occurrence.**"

**3.** Terms appearing in bold are terms defined in the policy.

"**Occurrence**" means an accident, including continuous or repeated exposure to conditions, which results in **bodily injury** or **property damage** neither expected nor intended from the standpoint of the **Insured,** but this definition shall not be construed so as to preclude coverage for **bodily injury** or **property damage** resulting from the efforts to prevent dangerous interference with the operation of the **aircraft;** and

"**Passenger**" means any person in, on or boarding the **aircraft** for the purpose of riding or flying therein, or alighting therefrom after a ride, **flight** or attempted **flight** therein.

(Bold emphasis in original. Italicized emphasis added.)

### B. Analysis

In their motion for summary judgment, appellants urged that the "each passenger" policy limit of $100,000 governed all claims brought by Vance, Ryan and Maria's estate and that the insurers' aggregate liability to all three claimants was capped at a total of $100,000. Appellants argued that the policy was not ambiguous and that the damages sought for wrongful death and survival were "because of" the death of Maria, a passenger, and thus were covered by the "each passenger" limitation. In their counter-motion for summary judgment, Vance and Ryan argued that they sustained bodily injury in the form of mental anguish, an injury included in the policy's definition of "bodily injury" that was separate from Maria's bodily injury claims; thus, the "each occurrence" limit of $1,000,000 governed. Appellees alternatively argued that the policy was ambiguous and therefore should be construed in their favor.

"When both sides move for summary judgment and the trial court grants one motion and denies the other, the reviewing court should review both sides' summary judgment evidence and determine all questions presented." *FM Props. Oper. Co. v. City of Austin,* 22 S.W.3d 868, 872 (Tex. 2000). Based on our review, this Court should then render the judgment that the trial court should have rendered. *Holy Cross Church of God in Christ v. Wolf,* 44 S.W.3d 562, 566 (Tex.2001); *Werden v. Nueces County Hosp. Dist.,* 28 S.W.3d 649, 650 (Tex.App.-Corpus Christi 2000, no pet.).

"When a trial court's order granting summary judgment does not specify the grounds relied upon, the reviewing court must affirm summary judgment if any of the summary judgment grounds are meritorious." *FM Props. Oper. Co.,* 22 S.W.3d at 872.

■ Under the insuring agreements liability coverages section, the policy clearly states that appellants will pay damages because of bodily injury sustained by any person caused by an occurrence arising out of the use of the aircraft. In the definition section "bodily injury" is defined to include mental anguish. "And when terms are defined in an insurance policy, those definitions control." *Trinity Universal Ins. Co. v. Cowan,* 945 S.W.2d 819, 823 (Tex.1997). Additionally, as set out in the limit of the company's liability sub-section Coverage D and in the declaration section for Coverage D liability, the policy clearly states that appellants will pay all damages arising out of one occurrence up to $1,000,000. In Endorsement No. 8, titled "EACH PASSENGER LIMITATION," appellants limit their liability because of bodily injury sustained by any passenger to $100,000 and because of bodily injuries sustained by all passengers to the lesser of the product of $100,000 times the total number of seats in the aircraft or $1,000,000. Endorsement No. 8 further provides, however, that subject to the provisions respecting bodily

injury to passengers, "the total liability of the Company for all damages, including damages for care and loss of services, because of bodily injury [i.e., mental anguish] ... sustained by one or more persons" shall not exceed the $1,000,000 limit. This endorsement language is consistent with all other terms and conditions of the policy, which Endorsement No. 8 specifically concludes remain unchanged.

Appellants argue that the wrongful death and survival claims are "because of" Maria's death, and thus, the $100,000 limit applies. They assert that the "because of" language found in Endorsement No. 8 includes the mental anguish suffered by any other party, in this case Maria's children, because of the bodily injury of the passenger, their mother. This argument is based on the language found in the first provision of Endorsement No. 8 which states that "[t]he total liability of the Company for all damages, including damages for care and loss of services, because of bodily injury [including death] sustained by any passenger as the result of any one occurrence shall not exceed $100,000." However, nowhere in the policy or in Endorsement No. 8 do appellants state that their liability for bodily injury sustained by any person other than a passenger is limited to $100,000. This interpretation requires the reader to conclude that either Endorsement No. 8 is ambiguous or that appellants' policy construction requires drafting the words "or by any other party because of the bodily injury sustained by any passenger" after the words "because of bodily injury sustained by any passenger" in Endorsement No. 8. *Cf. Gonzalez v. Mission Am. Ins. Co.*, 795 S.W.2d 734, 737 (Tex.1990) (concluding that insurance company elected to limit its liability solely for bodily injury to a passenger when it chose to use only "bodily injury" in its endorsement and did not limit its liability for the death of a passenger).

Appellants also argue that the "including care and loss of services" language in Endorsement No. 8 provides examples of the types of damages that are available to any other parties, such as Vance and Ryan, and that mental anguish suffered by any other party because of a passenger's death is yet another example of what is included under this limitation. However, if that had been appellants' intent they could have drafted the policy to read as follows:

> The total liability of the Company for all damages, including, for example, damages for care and loss of services and for mental anguish suffered by any other party, because of bodily injury sustained by any passenger as the result of any one occurrence shall not exceed $100,000.

 If appellants had intended for the $100,000 liability limit to apply to bodily injury, i.e., mental anguish, sustained by non-passengers such as a passenger's children, then appellants "had the duty to make such an intention in its policy clear and unambiguous because the terms, language, and conditions of the insurance policy were selected by [appellants] to express the terms and conditions on which the policy was issued." *Id.* "Where an insurance policy's provisions are ambiguous or inconsistent, and [the policy is] subject to two or more reasonable interpretations, then that construction which affords coverage will be the one adopted." *Id.* "It is well-established law that where an ambiguity exists in a contract, the contract language will be construed strictly against the party who drafted it since the drafter is responsible for the language used." *See id.*

Finally, appellants assert that because this last provision of Endorsement No. 8 is subject to, i.e., "subordinate to" or "limited by," the first provision which places a

$100,000 limit on damages that can be recovered by a passenger, it also has a $100,000 limit on any damages asserted by Vance and Ryan because they are based on the death of a passenger. *See Rourke v. Garza,* 511 S.W.2d 331, 343 (Tex.Civ. App.-Houston [1st Dist.] 1974) *aff'd,* 530 S.W.2d 794 (Tex.1975) (citing *Cockrell v. Tex. Gulf Sulphur Co.,* 157 Tex. 10, 299 S.W.2d 672 (1956)) (finding that the phrase "subject to" are "words of limitation" and do not create any affirmative contractual obligations and noting that the Texas Supreme Court approved the meaning of "subject to" to connote "subordinate to," "subservient to" or "limited by"). However, the "subject to" language could also be interpreted to mean that, subject to the provisions respecting bodily injury to passengers which limit only passenger damages, appellants' total liability for all damages because of mental anguish sustained by any person, other than a passenger, shall not exceed the $1,000,000 limit.

In this case, construing the policy against the drafter and adopting the construction which affords coverage, *see Gonzalez,* 795 S.W.2d at 737, we conclude that the controlling language is not the first provision, but rather the third provision of the Coverage D endorsement, the policy's definition of "bodily injury," and the language of the Coverage D paragraph of liability section I. The third provision of Endorsement No. 8 states that "the total liability of the Company for all damages, including damages for care and loss of services, because of bodily injury ... sustained by one or more persons or organizations as the result of any one occurrence shall not exceed the limit of liability stated in the Declarations as applicable to 'each occurrence.'" Under Coverage D, the single bodily injury and property damage liability section, appellants agreed "to pay as damages because of bodily injury sustained by any person" (excluding any pas-

senger unless the words "including passengers" appear in Item 3 of the declarations) ... "caused by an occurrence and arising out of the ownership ... use of the aircraft."

This language as well as the definition of "bodily injury" provides coverage for "mental anguish" as a "bodily injury" suffered by "any person" "as the result of any one occurrence." Under the terms of the policy the "because of" language relied on by appellants is restricted to passenger damages. Vance's and Ryan's mental anguish claims give rise, by the terms of the policy and by definition, to their own bodily injury. We conclude that because the policy clearly provides coverage for all persons suffering from mental anguish as a result of the use of the aircraft, Maria's sons' mental anguish claims are not limited by the $100,000 "each person" limitation. Under the policy's language, the bodily injury damages claimed by Vance and Ryan are claims of non-passengers, separate from the bodily injury claims of their mother, and, as such, the $1,000,000 occurrence limitation, not the per passenger limitation, applies.

Appellants rely on the following Texas cases to support their argument: (1) *City of Austin v. Cooksey,* 570 S.W.2d 386, 388 (Tex.1978) (per curiam) (explaining that the term "per person" in the Texas Tort Claims Act as in insurance cases uniformly refers to the person or persons who sustain injury, not to each claimant); (2) *Manriquez v. Mid–Century Ins. Co. of Tex.,* 779 S.W.2d 482 (Tex.App.-El Paso 1989, writ denied), *disapproved in part on other grounds, Cowan,* 945 S.W.2d at 823 (determining that the liability limits were for each person injured in any one accident, not each person covered); and (3) *Cradoct v. Employers Casualty Co.,* 733 S.W.2d 301, 303 (Tex.App.-El Paso 1987, writ ref'd) (concluding that all damage

claims, direct or consequential, resulting from Cradoct's death were subject to the $100,000 per person limitation). These cases are distinguishable, however, because of the nature of the "bodily injury" claims and the policy language involved. The policy in this case specifically and unequivocally defines "mental anguish" as a "bodily injury." The Texas cases relied on by appellants do not discuss bodily injury to a person, other than the person injured in the accident at issue in each case. There is no discussion of what constitutes a "bodily injury" to any other person under the terms of the policies. There is no discussion as to whether the language of the policies established that a person, other than the one injured in the accident, suffered a separate, covered "bodily injury." Thus, the cases relied on by appellants are distinguishable from the facts of this case.

Appellants also rely on *Hause v. Bresina*, 256 Wis.2d 664, 649 N.W.2d 736, (2002) to support their "each passenger" limitation argument. Although the *Hause* facts and the policy language are similar to the facts and policy language in this case, we are not persuaded by the Wisconsin Court's reasoning. *Compare id.* at 738 (concluding that damages for wrongful death by children and parents of a deceased passenger are governed by a policy's "per person" limit and not the "per occurrence" limit), *with Old Republic Ins. Co. v. Durango Air Service, Inc.*, 283 F.3d 1222, 1228 (10th Circuit 2002) (concluding that because aviation policy clearly provides coverage for all persons suffering from mental anguish as a result of aircraft operation, the deceased passengers' families' mental anguish claims are not limited by the $100,000 "each person" limitation). Further, *Hause* is a Wisconsin state case that is not binding in this instant Texas context.

The trial court did not err in granting appellees' counter-motion for summary judgment and in denying appellants' motion for summary judgment. We overrule appellants' first and second issues.

### III. Summary Judgment Evidence

In their third issue, appellants contend the trial court erred in overruling their objections to appellees' summary judgment evidence consisting of two pieces of correspondence between the parties regarding compromise negotiations. Appellees provided these letters as proof of ambiguity regarding the policy's liability limits. However, because issues one and two are dispositive of this appeal, we need not address appellants' third issue. *See* Tex. R.App. P. 47.1.

### IV. Conclusion

Accordingly, we affirm the judgment of the trial court.