NUMBER 13-05-296-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG






GLOBAL AEROSPACE, FEDERAL 

INSURANCE COMPANY, AND THE 

CONTINENTAL INSURANCE COMPANY, Appellants,


v.



VANCE C. PINSON AND RYAN C. PINSON, 

BOTH INDIVIDUALLY, AND CARLOS BARAJAS 

AS INDEPENDENT EXECUTOR OF THE ESTATE 

OF MARIA DEL ROSARIO GRASSLEY, Appellees.





On appeal from the 389th District Court


of Hidalgo County, Texas.






O P I N I O N


 

Before Chief Justice Valdez and Justices Rodriguez and Garza


Opinion by Justice Rodriguez


 This case involves the interpretation of policy limits of an insurance contract. 

By three issues, appellants, Global Aerospace, Federal Insurance Company, and the
Continental Insurance Company, complain that the trial court erred in (1) granting the
counter-motion for summary judgment filed by appellees, Vance C. Pinson and Ryan
C. Pinson, both individually, and Carlos Barajas as independent executor of the estate
of Maria Del Rosario Grassley, (2) denying appellants' motion for summary judgment,
and (3) overruling appellants' objections to appellees' summary judgment evidence. 
We affirm.

I. Background

 On July 9, 2003, Harold E. Grassley and Maria, husband and wife, were killed
in an airplane accident. At the time of the accident, Harold was piloting the airplane,
and Maria was the only passenger. Federal Insurance Company and the Continental
Insurance Company had provided liability insurance to Harold, the plane's owner. 
Global Aerospace signed the policy on behalf of the two insurers. Vance and Ryan,
Maria's sons, filed suit against Breton A. Grassley, as independent administrator of the
estate of Harold E. Grassley, to recover damages under the wrongful death statute,
while Maria's estate sought to recover damages under the survival statute. (1) See Tex.
Civ. Prac. & Rem. Code Ann. §§ 71.002, 71.021 (Vernon 1997). Appellees also
sought a declaratory judgment that the liability insurance policy sets a limit of
$1,000,000 for mental anguish damages claimed by Vance and Ryan rather than
$100,000 as asserted by appellants.

 Competing traditional motions for summary judgment were filed. The trial court
denied appellants' motion and granted appellees' counter-motion ordering that "the
applicable policy limits of the Insurance Policy in controversy herein . . . provides a
total policy limit of $1,000,000 in coverage for the claims asserted and the damages
sought by Plaintiffs." This appeal ensued.

II. Policy Liability Limits

 By their first and second issues, appellants contend that the trial court erred in
granting appellees' counter-motion for summary judgment and denying their motion
because the plain policy language limits total liability for all damages incurred because
of passenger Maria's death to $100,000.

A. Policy Language

 The pertinent policy provisions are as follows:


 INSURING AGREEMENTS

 I. LIABILITY COVERAGES

 

 * * *

 

 Coverage D - Single Limit Bodily Injury and Property Damage Liability
[The Company agrees with the Named Insured with respect to those
coverages indicated in Item 3 of the Declarations] [t]o pay on behalf of
the Insured all sums which the Insured shall become legally obligated to
pay as damages because of bodily injury sustained by any person
(excluding any passenger unless the words "including passengers"
appear in Item 3 of the declarations) and property damage,

 

 caused by an occurrence and arising out of the ownership, maintenance
or use of the aircraft . . . .

 

 * * *

 

 DECLARATIONS

 

 * * *

 

 Item 3. Insurance is provided only with respect to the following
Coverages for which a limit of liability is specified, subject to all
conditions of this policy.


 * * *

 

 COVERAGE(S) LIMIT(S) OF LIABILITY

 LIABILITY

 

 D. Single limit Bodily Injury Each Occurrence Each
Passenger

 and Property Damage Liability $1,000,000 $100,000

 including Passengers


 * * *


 Endorsement No. 8


 EACH PASSENGER LIMITATION

 (Applicable to Coverage D)


 In consideration of payment of the premium for this policy, it is agreed
that the portion of the LIMIT OF THE COMPANY'S LIABILITY section of
the policy under the sub-heading COVERAGES A, B, C and D (Total
Liability) that is applicable to Coverage D is amended to read as follows:

 

 Coverage D. The total liability of the Company for all damages, including
damages for care and loss of services, because of bodily injury sustained
by any passenger as the result of any one occurrence shall not exceed
$100,000. Subject to the above provision respecting each passenger,
the total liability of the Company for all damages, including damages for
care and loss of services, because of bodily injury sustained by all
passengers as the result of any one occurrence shall not exceed the less
of (a) the product of $100,000 times the total number of seats in the
aircraft; or (b) the limit of liability stated in the Declarations as applicable
to "each occurrence." Subject to both of the above provisions respecting
bodily injury to passengers, the total liability of the Company for all
damages, including damages for care and loss of services, because of
bodily injury or property damage sustained by one or more persons or
organizations as the result of any one occurrence shall not exceed the
limit of liability stated in the Declarations as applicable to "each
occurrence."

 

 ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED

 This endorsement is effective: November 14, 2002. (2)


(Bold emphasis in original. (3) Italicized emphasis added.)


 The policy also provides the following relevant definitions:


 "Bodily injury" means bodily injury, sickness, disease or mental anguish
sustained by any person which occurs during the policy period, including
death at any time resulting therefrom;


 "Occurrence" means an accident, including continuous or repeated
exposure to conditions, which results in bodily injury or property damage
neither expected nor intended from the standpoint of the Insured, but this
definition shall not be construed so as to preclude coverage for bodily
injury or property damage resulting from the efforts to prevent dangerous
interference with the operation of the aircraft; and


 "Passenger" means any person in, on or boarding the aircraft for the
purpose of riding or flying therein, or alighting therefrom after a ride,
flight or attempted flight therein.


(Bold emphasis in original. Italicized emphasis added.)


B. Analysis

 In their motion for summary judgment, appellants urged that the "each
passenger" policy limit of $100,000 governed all claims brought by Vance, Ryan and
Maria's estate and that the insurers' aggregate liability to all three claimants was
capped at a total of $100,000. Appellants argued that the policy was not ambiguous
and that the damages sought for wrongful death and survival were "because of" the
death of Maria, a passenger, and thus were covered by the "each passenger"
limitation. In their counter-motion for summary judgment, Vance and Ryan argued that
they sustained bodily injury in the form of mental anguish, an injury included in the
policy's definition of "bodily injury" that was separate from Maria's bodily injury
claims; thus, the "each occurrence" limit of $1,000,000 governed. Appellees
alternatively argued that the policy was ambiguous and therefore should be construed
in their favor.

 "When both sides move for summary judgment and the trial court grants one
motion and denies the other, the reviewing court should review both sides' summary
judgment evidence and determine all questions presented." FM Props. Oper. Co. v.
City of Austin, 22 S.W.3d 868, 872 (Tex. 2000). Based on our review, this Court
should then render the judgment that the trial court should have rendered. Holy Cross
Church of God in Christ v. Wolf, 44 S.W.3d 562, 566 (Tex. 2001); Werden v. Nueces
County Hosp. Dist., 28 S.W.3d 649, 650 (Tex. App.-Corpus Christi 2000, no pet.).

"When a trial court's order granting summary judgment does not specify the grounds
relied upon, the reviewing court must affirm summary judgment if any of the summary
judgment grounds are meritorious." FM Props. Oper. Co., 22 S.W.3d at 872.

 Under the insuring agreements liability coverages section, the policy clearly
states that appellants will pay damages because of bodily injury sustained by any
person caused by an occurrence arising out of the use of the aircraft. In the definition
section "bodily injury" is defined to include mental anguish. "And when terms are
defined in an insurance policy, those definitions control." Trinity Universal Ins. Co. v.
Cowan, 945 S.W.2d 819, 823 (Tex. 1997). Additionally, as set out in the limit of the
company's liability sub-section Coverage D and in the declaration section for Coverage
D liability, the policy clearly states that appellants will pay all damages arising out of
one occurrence up to $1,000,000. In Endorsement No. 8, titled "EACH PASSENGER
LIMITATION," appellants limit their liability because of bodily injury sustained by any
passenger to $100,000 and because of bodily injuries sustained by all passengers to
the lesser of the product of $100,000 times the total number of seats in the aircraft
or $1,000,000. Endorsement No. 8 further provides, however, that subject to the
provisions respecting bodily injury to passengers, "the total liability of the Company
for all damages, including damages for care and loss of services, because of bodily
injury [i.e., mental anguish] . . . sustained by one or more persons" shall not exceed
the $1,000,000 limit. This endorsement language is consistent with all other terms
and conditions of the policy, which Endorsement No. 8 specifically concludes remain
unchanged.

 Appellants argue that the wrongful death and survival claims are "because of"
Maria's death, and thus, the $100,000 limit applies. They assert that the "because
of" language found in Endorsement No. 8 includes the mental anguish suffered by any
other party, in this case Maria's children, because of the bodily injury of the passenger,
their mother. This argument is based on the language found in the first provision of
Endorsement No. 8 which states that "[t]he total liability of the Company for all
damages, including damages for care and loss of services, because of bodily injury
[including death] sustained by any passenger as the result of any one occurrence shall
not exceed $100,000." However, nowhere in the policy or in Endorsement No. 8 do
appellants state that their liability for bodily injury sustained by any person other than
a passenger is limited to $100,000. This interpretation requires the reader to conclude
that either Endorsement No. 8 is ambiguous or that appellants' policy construction
requires drafting the words "or by any other party because of the bodily injury
sustained by any passenger" after the words "because of bodily injury sustained by
any passenger" in Endorsement No. 8. Cf. Gonzalez v. Mission Am. Ins. Co., 795
S.W.2d 734, 737 (Tex. 1990) (concluding that insurance company elected to limit its
liability solely for bodily injury to a passenger when it chose to use only "bodily injury"
in its endorsement and did not limit its liability for the death of a passenger).

 Appellants also argue that the "including care and loss of services" language in
Endorsement No. 8 provides examples of the types of damages that are available to
any other parties, such as Vance and Ryan, and that mental anguish suffered by any
other party because of a passenger's death is yet another example of what is included
under this limitation. However, if that had been appellants' intent they could have
drafted the policy to read as follows:

 The total liability of the Company for all damages, including, for example,
damages for care and loss of services and for mental anguish suffered
by any other party, because of bodily injury sustained by any passenger
as the result of any one occurrence shall not exceed $100,000.

 If appellants had intended for the $100,000 liability limit to apply to bodily
injury, i.e., mental anguish, sustained by non-passengers such as a passenger's
children, then appellants "had the duty to make such an intention in its policy clear and
unambiguous because the terms, language, and conditions of the insurance policy
were selected by [appellants] to express the terms and conditions on which the policy
was issued." Id. "Where an insurance policy's provisions are ambiguous or
inconsistent, and [the policy is] subject to two or more reasonable interpretations, then
that construction which affords coverage will be the one adopted." Id. "It is well-established law that where an ambiguity exists in a contract, the contract language
will be construed strictly against the party who drafted it since the drafter is
responsible for the language used." See id.

 Finally, appellants assert that because this last provision of Endorsement No. 8
is subject to, i.e., "subordinate to" or "limited by," the first provision which places a
$100,000 limit on damages that can be recovered by a passenger, it also has a
$100,000 limit on any damages asserted by Vance and Ryan because they are based
on the death of a passenger. See Rourke v. Garza, 511 S.W.2d 331, 343 (Tex. Civ.
App.-Houston [1st Dist.] 1974) aff'd, 530 S.W.2d 794 (Tex. 1975) (citing Cockrell
v. Tex. Gulf Sulphur Co., 299 S.W.2d 672 (Tex. 1956)) (finding that the phrase
"subject to" are "words of limitation and do not create any affirmative contractual
obligations and noting that the Texas Supreme Court approved the meaning of "subject
to" to connote "subordinate to," "subservient to" or "limited by"). However, the
"subject to" language could also be interpreted to mean that, subject to the provisions
respecting bodily injury to passengers which limit only passenger damages, appellants'
total liability for all damages because of mental anguish sustained by any person, other
than a passenger, shall not exceed the $1,000,000 limit.

 In this case, construing the policy against the drafter and adopting the
construction which affords coverage, see Gonzalez, 795 S.W.2d at 737, we conclude
that the controlling language is not the first provision, but rather the third provision of
the Coverage D endorsement, the policy's definition of "bodily injury," and the
language of the Coverage D paragraph of liability section I. The third provision of
Endorsement No. 8 states that "the total liability of the Company for all damages,
including damages for care and loss of services, because of bodily injury . . . sustained
by one or more persons or organizations as the result of any one occurrence shall not
exceed the limit of liability stated in the Declarations as applicable to 'each
occurrence.'" Under Coverage D, the single bodily injury and property damage liability
section, appellants agreed "to pay as damages because of bodily injury sustained by
any person (excluding any passenger unless the words "including passengers" appear
in Item 3 of the declarations) . . . caused by an occurrence and arising out of the
ownership . . . use of the aircraft."

 This language as well as the definition of "bodily injury" provides coverage for
"mental anguish" as a "bodily injury" suffered by "any person" "as the result of any
one occurrence." Under the terms of the policy the "because of" language relied on
by appellants is restricted to passenger damages. Vance's and Ryan's mental anguish
claims give rise, by the terms of the policy and by definition, to their own bodily injury. 
We conclude that because the policy clearly provides coverage for all persons suffering
from mental anguish as a result of the use of the aircraft, Maria's sons' mental anguish
claims are not limited by the $100,000 "each person" limitation. Under the policy's
language, the bodily injury damages claimed by Vance and Ryan are claims of non-passengers, separate from the bodily injury claims of their mother, and, as such, the
$1,000,000 occurrence limitation, not the per passenger limitation, applies.

 Appellants rely on the following Texas cases to support their argument: (1) City
of Austin v. Cooksey, 570 S.W.2d 386, 388 (Tex. 1978) (per curiam) (explaining that
the term "per person" in the Texas Tort Claims Act as in insurance cases uniformly
refers to the person or persons who sustain injury, not to each claimant); (2)
Manrequez v. Mid-Century Ins. Co. of Tex., 779 S.W.2d 482 (Tex. App.-El Paso
1989, writ denied), disapproved in part on other grounds, Cowan, 945 S.W.2d at 823
(determining that the liability limits were for each person injured in any one accident,
not each person covered); and (3) Cradoct v. Employers Casualty Co., 733 S.W.2d
301, 303 (Tex. App.-El Paso 1987, writ ref'd) (concluding that all damage claims,
direct or consequential, resulting from Cradoct's death were subject to the $100,000
per person limitation). These cases are distinguishable, however, because of the
nature of the "bodily injury" claims and the policy language involved. The policy in this
case specifically and unequivocally defines "mental anguish" as a "bodily injury." The
Texas cases relied on by appellants do not discuss bodily injury to a person, other than
the person injured in the accident at issue in each case. There is no discussion of
what constitutes a "bodily injury" to any other person under the terms of the policies. 
There is no discussion as to whether the language of the policies established that a
person, other than the one injured in the accident, suffered a separate, covered "bodily
injury." Thus, the cases relied on by appellants are distinguishable from the facts of
this case.

 Appellants also rely on Hause v. Bresina, 649 N.W.2d 736, (Wis. App. 2002)
to support their "each passenger" limitation argument. Although the Hause facts and
the policy language are similar to the facts and policy language in this case, we are not
persuaded by the Wisconsin Court's reasoning. Compare id. at 738 (concluding that
damages for wrongful death by children and parents of a deceased passenger are
governed by a policy's "per person" limit and not the "per occurrence" limit), with Old
Republic Ins. Co. v. Durango Air Service, Inc., 382 F.3d 1222, 1228 (10th Circuit
2002) (concluding that because aviation policy clearly provides coverage for all
persons suffering from mental anguish as a result of aircraft operation, the deceased
passengers' families' mental anguish claims are not limited by the $100,000 "each
person" limitation). Further, Hause is a Wisconsin state case that is not binding in this
instant Texas context.

 The trial court did not err in granting appellees' counter-motion for summary
judgment and in denying appellants' motion for summary judgment. We overrule
appellants' first and second issues.

III. Summary Judgment Evidence

 In their third issue, appellants contend the trial court erred in overruling their
objections to appellees' summary judgment evidence consisting of two pieces of
correspondence between the parties regarding compromise negotiations. Appellees
provided these letters as proof of ambiguity regarding the policy's liability limits. 
However, because issues one and two are dispositive of this appeal, we need not
address appellants' third issue. See Tex. R. App. P. 47.1.

IV. Conclusion

 Accordingly, we affirm the judgment of the trial court.



 NELDA V. RODRIGUEZ

 Justice


Opinion delivered and filed this

19th day of October, 2006.


 
1. In the third amended original petition, Vance and Ryan sought damages including, but not
limited to, the loss of companionship and society and mental anguish. Pursuant to a compromise and
settlement agreement, all claims and causes of actions asserted by plaintiffs against Breton A. Grassley,
as independent administrator of the estate of Harold E. Grassley, were dismissed with prejudice.
2. Before it was amended, the limit of the Company's liability sub-section Coverage D read as
follows:

 

 Coverage D. The total liability of the Company for all damages, including damages for
care and loss of service, because of bodily injury or property damage sustained by one
or more persons or organizations as the result of any one occurrence shall not exceed
the limit of liability stated in the declarations as applicable to "each occurrence."
3. Terms appearing in bold are terms defined in the policy.