# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 2, 2022

Lyle W. Cayce
Clerk

No. 21-20595

Scottsdale Insurance Company,

*Plaintiff—Appellee*,

*versus*

Discovering Me Academy, L.L.C.; Tanisha Butler,

*Defendants—Appellants*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CV-2449

Before Richman, *Chief Judge*, and Wiener and Willett, *Circuit Judges*.

Per Curiam:*

This case arises from an insurance dispute over defense and indemnity obligations for a child's accidental death when he was left on a bus by a school employee. The district court found that an automobile exclusion in the policy precluded coverage. We AFFIRM.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-20595

This tragedy began when three-year-old R.P. attended a field trip with his classmates. A caretaker checked R.P. off the list for having exited the school bus. When a teacher noticed that R.P. was missing, a classmate reported that he had left the field trip with his parents. Later, when his parent arrived to pick him up from school, R.P. was not in the building. He was eventually found dead from heat exhaustion on the floor of the school bus.

Plaintiff-Appellee Scottsdale Insurance Company ("Scottsdale") insured Defendant-Appellant Discovering Me Academy, LLC ("Discovering Me"). Scottsdale filed this suit to determine its obligation, if any, to defend and indemnify Discovering Me and its manager, Tanisha Butler, the other Defendant-Appellant. The district court granted Scottsdale's motion for summary judgment, holding that the policy's automobile exclusion applied so that Scottsdale had no obligation to defend or indemnify the Defendants-Appellants.

We review summary judgments de novo.[1] Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2] Under Texas law, insurance policies are interpreted under the general guiding canons of contract interpretation.[3] The primary goal "is to effectuate the parties' intent as expressed in the contract."[4]

---

[1] *Capio Funding, L.L.C. v. Rural/Metro Operating Co.*, 35 F.4th 353, 356 (5th Cir. 2022).

[2] Fed. R. Civ. P. 56(a).

[3] *Monroe Guar. Ins. Co. v. BITCO Gen. Ins. Corp.*, 640 S.W.3d 195, 198 (Tex. 2022).

[4] *Id.* at 198-99.

To determine whether an insurer has a duty to defend, we apply the eight corners rule.[5] That rule refers to two documents: (1) the operative pleading and (2) the insurance policy.[6] We compare the two documents "without regard to the truth or falsity of those allegations and without reference to facts otherwise known or ultimately proven."[7] "[T]he insurer is entitled to rely on the plaintiff's allegations in determining whether the facts are within the coverage. If the petition only alleges facts excluded by the policy, the insurer is not required to defend."[8] Any doubt about the duty to defend is resolved in favor of the insured.[9]

Discovering Me had a commercial general liability policy with Scottsdale, and the school paid an additional premium for sexual and/or physical-abuse liability coverage. That form specifies that Scottsdale will pay damages "arising out of sexual and/ or physical abuse, caused by one of your employees, or arising out of your failure to properly supervise." "Sexual and/ or physical abuse" is defined as "sexual or physical injury or abuse, including assault and battery, negligent or deliberate touching."

Defendants-Appellants do not contest "whether injuries arose out of the use of an auto." Instead, they contend that the policy's sexual and physical-abuse liability coverages do not include an auto exclusion. They

---

[5] *Id*. at 199.

[6] *Nat'l Union Fire Ins. Co. of Pittsburgh v. Merchs. Fast Motor Lines, Inc.*, 939 S.W.2d 139, 141 (Tex. 1997) (per curiam).

[7] *Monroe Guar.*, 640 S.W.3d at 199.

[8] *Fidelity & Guar. Ins. Underwriters, Inc. v. McManus*, 633 S.W.2d 787, 788 (Tex. 1982).

[9] *Ewing Constr. Co. v. Amerisure Ins. Co.*, 420 S.W.3d 30, 33 (Tex. 2014).

focus on the use of the phrase "physical injury" in the definition of sexual and/or physical abuse, which they insist would trigger coverage.

Even assuming without deciding that the sexual and/or physical injury or abuse liability coverage includes R.P.'s accidental death, the automobile exclusion is incorporated into the form. The sexual and/or physical abuse provision states that "[c]overage is subject to this coverage form and the exclusions, conditions and other terms of this policy." The policy included an automobile exclusion for "'[b]odily injury' . . . arising out of the ownership, maintenance, use or entrustment to others of any aircraft, 'auto' or watercraft owned or operated by or rented or loaned to any insured."

Again, Defendants-Appellants do not contest that the automobile exclusion applies to the facts in this case. Instead, they contend that the exclusion does not apply to the policy's coverage of sexual and/or physical abuse-liability. However, that form states that "[c]overage is subject to this coverage form *and* the exclusions, conditions and other terms of this policy."

"[I]t has again long been the rule that we must read all parts of a policy together, giving meaning to every sentence, clause, and word to avoid rendering any portion inoperative."[10] The use of the word "and" here clearly incorporates those exclusions in the policy as a whole into the particular form. The coverage of sexual and/or physical-abuse liability is limited by both the form itself and the exclusions, conditions, and other terms of the policy.

Defendants-Appellants point to what they contend is a more generous interpretation of the phrase "subject to" from a 2006 Texas Court of Appeals case.[11] But even that case defines the phrase "subject to" as

---

[10] *Fiess v. State Farm Lloyds*, 202 S.W.3d 744, 748 (Tex. 2006).

[11] *Glob. Aerospace v. Pinson*, 208 S.W.3d 687 (Tex. App. 2006).

"connot[ing] 'subordinate to,' 'subservient to' or 'limited by.'"[12] Here, the sexual and/or physical abuse coverage is limited by the exclusions of the policy. The district court was correct to apply the exclusion and deny coverage.

AFFIRMED.

---

[12] *Id.* at 692 (quoting *Cockrell v. Tex. Gulf Sulphur Co.*, 299 S.W.2d 672 (Tex. 1956)).