

# Fourth Court of Appeals
## San Antonio, Texas

## DISSENTING OPINION

No. 04-16-00773-CV

**FARMERS TEXAS COUNTY MUTUAL INSURANCE COMPANY**,
Appellant

v.

Jennifer L. **ZUNIGA** and Janet Northrup as Trustee for the
Bankruptcy Estate of Christopher J. Medina,
Appellees

From the 73rd Judicial District Court, Bexar County, Texas
Trial Court No. 2014-CI-11445
Honorable Cathleen M. Stryker, Judge Presiding

**OPINION DISSENTING TO THE DENIAL OF APPELLEES'
MOTION FOR EN BANC RECONSIDERATION**

Dissenting Opinion by: Luz Elena D. Chapa, Justice, joined by Rebeca C. Martinez, Justice and
Irene Rios, Justice
Sitting en banc: Sandee Bryan Marion, Chief Justice
Karen Angelini, Justice
Marialyn Barnard, Justice
Rebeca C. Martinez, Justice
Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice
Irene Rios, Justice

Delivered and Filed: March 14, 2018

Because appellees' construction of the auto insurance policy is reasonable, we must accept

it. Moreover, this case presents extraordinary circumstances justifying en banc reconsideration. I

therefore respectfully dissent to the denial of appellees' motion without requesting a response.

**WE MUST ADOPT APPELLEES' CONSTRUCTION BECAUSE IT IS REASONABLE**

The parties in this case dispute whether an auto insurance policy covers exemplary damages. The disputed coverage provision states: "We will pay damages for bodily injury or property damage for which any covered person becomes legally responsible because of an auto accident." Appellees argue the phrase "We will pay damages for bodily injury" includes coverage for exemplary damages, which are a type of damages that may be awarded in cases involving bodily injury. Appellees contend their interpretation is reasonable, and is either the only reasonable construction (i.e. the policy is unambiguous in their favor), or one of many reasonable constructions (i.e. the policy is ambiguous), in which case they would prevail.

**A. If an insured's construction of an insurance policy is reasonable, we must accept it.**

Generally, courts must apply general rules of contract interpretation to construe insurance policies. *Nassar v. Liberty Mut. Fire Ins. Co.*, 508 S.W.3d 254, 257 (Tex. 2017) (per curiam). If an insurance policy is subject to only one reasonable construction, then the policy is unambiguous and a court must adopt that construction. *Id.* at 258. But if an insurance policy is subject to more than one reasonable construction, then the policy is ambiguous. *Id.* In that event, the policy must be "construed liberally in favor of the insured and strictly against the insurer, and especially so when dealing with exceptions and words of limitation." *Ramsay v. Md. Am. Gen. Ins. Co.*, 533 S.W.2d 344, 349 (Tex. 1976).

When construing an insurance policy, we must therefore adopt the insured's construction when either: (1) the insured's construction is reasonable and the insurer's construction is unreasonable (in which case the policy would be unambiguous in the insured's favor); or (2) the insured's construction is reasonable and the insurer's construction is also reasonable (in which case the policy is ambiguous and must be strictly construed against the insurer). *See Nassar*, 508

S.W.3d at 257-58. In other words, we must adopt the insured's construction if it is reasonable, regardless of whether the insurer's construction is reasonable or unreasonable (i.e. regardless of whether the policy is ultimately ambiguous or unambiguous). *See id.*

The supreme court has repeatedly framed the analysis for construing insurance policies in this way. Our inquiry is "whether the [insureds]' interpretation is reasonable. If it is, then the [insureds]' interpretation must be adopted even if [the insurer]'s interpretation is also, or more, reasonable." *Id.* at 258 (internal citation omitted); *see RSUI Indem. Co. v. The Lynd Co.*, 466 S.W.3d 113, 119 (Tex. 2015) ("Our task in this case is to determine whether Lynd's construction of the RSUI policy is reasonable. If it is, we must enforce that construction, even if RSUI's construction is also reasonable."). Conversely, if the insured's construction is unreasonable, then the insurer prevails. *See Nassar*, 508 S.W.3d at 257; *RSUI Indem. Co.*, 466 S.W.3d at 119. This case therefore turns on whether appellees' construction is reasonable or unreasonable. *See Nassar*, 508 S.W.3d at 257; *RSUI Indem. Co.*, 466 S.W.3d at 119.

**B. The absence of "all sums" language does not make appellees' construction unreasonable.**

Appellant argues appellees' construction is unreasonable solely because the coverage provision does not say the insurer will pay "all sums" of damages, similar to language found in some other auto insurance policies. But the absence of the "all sums" language is simply not dispositive here.

First, cases in which Texas courts have construed similar policies that use the "all sums" language have not turned on that language. One court concluded exemplary damages were covered based on the weight of persuasive authority. *Dairyland Cty. Mut. Ins. Co. v. Wallgren*, 477 S.W.2d 341, 343 (Tex. Civ. App.—Fort Worth 1972, writ ref'd n.r.e.).[1] Another court summarily

---

[1] The *Dairyland* court relied on a law journal article and a Sixth Circuit case. 477 S.W.2d at 343.

concluded the provision includes coverage for exemplary damages. *Home Indem. Co. v. Tyler*, 522 S.W.2d 594, 596-97 (Tex. Civ. App.—Houston [14th Dist.] 1975, writ ref'd n.r.e.). Another court "conclude[d] that [the provision], at best, may be termed 'ambiguous,' and should therefore be interpreted in favor of coverage." *Am. Home Assurance Co. v. Safway Steel Prods. Co.*, 743 S.W.2d 693, 701-02 (Tex. App.—Austin 1987, writ denied).

Second, other courts have considered whether the "all sums" language is dispositive and, despite reaching opposite results, they have agreed the phrase "all sums" is not dispositive. *Compare Manriquez v. Mid-Century Ins. Co. of Tex.*, 779 S.W.2d 482, 484 (Tex. App.—El Paso 1989, writ denied) (holding exemplary damages covered despite absence of "all sums"), *disapproved of on other grounds by Trinity Universal Ins. Co. v. Cowan*, 945 S.W.2d 819 (Tex. 1997), *with Schnuck Markets, Inc. v. Transam. Ins. Co.*, 652 S.W.2d 206, 212 (Mo. Ct. App. 1983) (holding, even with "all sums," policy excluded punitive damages). Appellant has cited no authority that "all sums" is dispositive; there appears to be authority only to the contrary.

Third, courts throughout the country have generally construed similar policies as either unambiguously covering exemplary damages or concluded the language was ambiguous, and the insureds prevailed because their interpretation was reasonable. *See Valley Forge Ins. Co. v. Jefferson*, 628 F. Supp. 502, 505 (D. Del. 1986) (holding, "We will pay damages for bodily injury or property damage" is ambiguous as to whether exemplary damages are included, and citing authorities forming a three-way split). In the cases holding otherwise, either the courts "did not indulge in any particular presumption in favor of the insured," *Am. Home Assurance*, 743 S.W.2d at 698 (citing *Schnuck Markets*), or construed similar language in uninsured motorist policies based not on the plain meaning, but on Insurance Code provisions and public policy concerns that apply only to uninsured motorist policies. *See Milligan v. State Farm Mut. Auto. Ins. Co.*, 940

S.W.2d 228, 230-31 (Tex. App.—Houston [14th Dist.] 1997, writ denied) (citing authorities).[2] The

coverage provision here does not pertain to uninsured motorists,[3] and Texas courts must indulge

in a presumption that favors the insured. *See Ramsay*, 533 S.W.2d at 349.

Fourth, including the "all sums" language in the policy here would not change its meaning.

Again, the disputed coverage provision states:

> We will pay damages for bodily injury or property damage for which any covered
> person becomes legally responsible because of an auto accident.

The parties have argued that only two phrases in this policy contextually define what damages are

covered: (1) "We will pay damages"; and (2) "for bodily injury or property damage." Including

the "all sums" language in this provision would not change the meaning of either phrase or the

provision as a whole.

In the phrase "We will pay damages," the damages covered are not limited or qualified

whatsoever. We must therefore construe the phrase, at least initially, as including coverage for all

damages, including exemplary damages. *See id.*[4] If the policy provided, "We agree to pay all sums

of damages," the phrase would still include coverage for all damages, including exemplary

---

[2] The *Milligan* court noted in one of those cases, "the First Court determined that the phrase 'because of bodily injury' *is ambiguous* because it could be interpreted to mean the insured is entitled to recover any damages that arise because of bodily injury, or it could mean the insured is only entitled to recover damages that are derived from the bodily injury." 940 S.W.2d at 231 (emphasis added) (citing *State Farm Mut. Auto. Ins. Co. v. Shaffer*, 888 S.W.2d 146, 148-49 (Tex. App.—Houston [1st Dist.] 1994, writ denied)).

[3] The majority and concurring opinions in *Fairfield Insurance Co. v. Stephens Martin Paving, LP*., noted four times that Texas courts have "uniformly" rejected coverage of exemplary damages in uninsured motorist policies on public policy grounds—not solely because of the plain meaning of the insurance policy. 246 S.W.3d 653, 668 (Tex. 2008) ("Texas appellate courts have *uniformly rejected as against public policy* coverage under uninsured or underinsured motorist policies . . . .") (emphasis added); *id.* at 683 (Hecht, J., concurring) (which the concurrence in this case cites); *id.* at 685 ("Texas courts have *uniformly rejected* such recovery *as against public policy*") (emphasis added); *id.* at 688 ("Texas courts have *uniformly held* that uninsured or underinsured motorist coverage of punitive damages *is against public policy*.") (emphasis added); *id.* at 683, 685 nn.63, 67 (citing *Milligan* and other uninsured motorist cases). I therefore believe the concurrence in this case quotes Chief Justice Hecht's concurrence out of context.

[4] Black's Law Dictionary defines "damages" as suggesting all damages are compensatory in nature. But under Texas law, compensatory damages and exemplary damages are both categories of "damages." TEX. CIV. PRAC. & REM. CODE ANN. § 41.001(5), (8) (West Supp. 2017).

damages. Thus, adding "all sums" for the purpose of including coverage for exemplary damages would be unnecessary. If the absence of exclusionary language cannot impliedly create coverage, then the absence of unnecessary inclusionary language cannot impliedly limit coverage. *Cf. Am. Mfrs. Mut. Ins. Co. v. Schaefer*, 124 S.W.3d 154, 160 (Tex. 2003).

Appellant argues the phrase "for bodily injury or property damage" limits the damages covered to only compensatory damages. Appellant thus construes the policy as meaning, "We agree to pay damages [that are compensatory]." Under appellant's construction, if the "all sums" language were added, the policy would read, "We agree to pay all sums of damages [that are compensatory]." With or without the "all sums" language, appellant's construction would include coverage for only compensatory damages. Either way, the inclusion of the "all sums" language in the policy would not change its meaning. Thus, the absence of the "all sums" language does not make appellees' construction unreasonable.

**C. Considered as a whole, the phrase "We will pay damages for bodily injury or property damage" can reasonably be construed as including coverage for exemplary damages.**

The only language in the policy that might limit or qualify the damages covered is the phrase "for bodily injury or property damage." Because exemplary damages may be awarded in some cases involving bodily injury or property damage, this case turns on how "for" is defined. Some definitions of the word "for," such as "because of" or "on account of," are broad and would include exemplary damages. *See, e.g.*, WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 886 (Philip Babcock Gove, et al. eds., 1981) (defining "for" as "in connection with," (3d); and "because of," or "on account of," (8a)). Consequently, "for bodily injury or property damage" could reasonably be construed as limiting damages to those arising from incidents that involve bodily injury or property damage. *Shaffer*, 888 S.W.2d at 148-49; *see Dairyland*, 477 S.W.2d at 343

(holding policy covering damages "because of" bodily injury included exemplary damages).[5] In other words, the phrase "for bodily injury or property damage" could be reasonably construed as limiting the types of claims that trigger coverage, rather than the types of damages covered.

Other definitions of "for," such as an "exchange" or "in order to remedy," are narrower and would exclude exemplary damages. *See, e.g.*, WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 886 (defining "for" as "with the purpose or object of," (2e); "in order to remedy," (2h); "in exchange as the equivalent of," (5a)). Even if it is reasonable to define "for" narrowly as limiting the types of damages covered, appellees' construction is nevertheless reasonable when considering the policy as a whole. We must therefore construe the phrase "for bodily injury," which are "words of limitation," strictly against appellant and in appellees' favor. *See Ramsay*, 533 S.W.2d at 349; *accord Nassar*, 508 S.W.3d at 258; *RSUI Indem. Co.*, 466 S.W.3d at 118-19.

In conclusion, appellant's sole "all sums" argument lacks merit, and a broader definition of "for" that includes coverage for exemplary damages is reasonable. We must therefore adopt appellees' construction even if appellant's construction is also reasonable or more reasonable, and regardless of whether appellant's construction is unreasonable. *See Nassar*, 508 S.W.3d at 258; *RSUI Indem. Co.*, 466 S.W.3d at 119.[6]

---

[5] *See also Valley Forge*, 628 F. Supp. at 505 (citing authorities); *Lafauci v. Jenkins*, 844 So.2d 19, 26-28 (La. App.—1st Cir. 2003, writ denied) (noting inherent conflict between a policy stating, "We will pay damages, other than punitive or exemplary, for 'bodily injury' or 'property damage' for which any 'insured' becomes legally responsible because of an auto accident," and a policy stating, "We will pay damages for 'bodily injury' or 'property damage' for which any 'insured' becomes legally responsible because of an auto accident.")

[6] I disagree with the concurring opinion's statement that considering the plain meaning of individual words and phrases "violates a settled rule of contract interpretation." Every time a court consults a dictionary for a word's plain meaning, the court is, technically speaking, considering the word in isolation. *See, e.g.*, *Farmers Tex. Cty. Mut. Ins. Co. v. Zuniga*, No. 04-16-00773-CV, 2017 WL 5471887, at *4-5 (Tex. App.—San Antonio Nov. 15, 2017, no pet. h.) (defining "bodily injury," "damages," and "for," first in isolation, and then considering the provisions together). Certainly, construing an entire contract based on only one word or phrase without reference to others would violate a settled rule of contract interpretation. But that is simply not an accurate characterization of the foregoing analysis.

**EN BANC RECONSIDERATION IS JUSTIFIED IN THIS CASE**

Extraordinary circumstances justify en banc reconsideration in this case for three reasons. First, in order to satisfy Texas's requirement to establish financial responsibility for vehicles they drive, many Texas residents have purchased an auto insurance policy substantially similar to the one here. *See* TEX. TRANSP. CODE ANN. § 601.051 (West 2001); David A. Fischer & Robert H. Jerry, II, *Teaching Torts Without Insurance: A Second-Best Solution*, 45 ST. LOUIS U.L.J. 857, 872 (2001) (noting this policy is a "standardized form in widespread use in the United States").[7] Thus, how we construe this form language affects the contractual rights of Texas residents who have paid for insurance policies that can be reasonably construed as providing coverage for exemplary damages. It will also affect the construction of other types of insurance policies, "such as the Homeowners Policy and the Commercial General Liability Policy, [that] have substantially similar language in the insuring agreement." *See* Fischer & Jerry, 45 ST. LOUIS L.J. at 872.

Second, rejecting appellees' construction would be not only contrary to the vast majority of decisions of courts throughout the country, but also in conflict with a decision of another Texas court of appeals. *Manriquez*, 779 S.W.2d at 484-85; *accord* Grace M. Giesel, *The Knowledge of Insurers and the Posture of the Parties in the Determination of the Insurability of Punitive Damages*, 39 U. KAN. L. REV. 355, 383-90 (1991) (citing cases from courts throughout the country). Such a conflict means insureds' contractual rights might be determined by the location in Texas where an auto accident happens to occur.

Third, construing "for bodily injury" as limiting "damages" to those that redress only physical damage to a human body creates further uncertainty about this form policy's coverage. Appellant's position requires construing "for bodily injury or property damage" as limiting

---

[7] This form language appears in "[m]ost standard commercial and individual liability policies." Ellen S. Pryor, *The Tort Liability Regime and the Duty to Defend*, 58 MD. L. REV. 1, 21 (1999).

damages elements, as opposed to limiting the types of claims that trigger coverage. Accepting appellant's position would raise serious questions about what damages elements other than exemplary damages would not be covered. Under Texas law, some elements of compensatory damages redress physical damage to a human being's body (such as disfigurement, physical impairment, and physical pain and suffering), but other elements, such as mental anguish, are not strictly compensatory for the bodily injury itself. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 41.001(12).[8] Thus, accepting appellant's construction could likely create further disputes about the scope of coverage of this form language that appears in auto, homeowners, and commercial general liability policies.

Based on the foregoing, I dissent to the denial of appellees' motion for en banc reconsideration without having requested a response.

Luz Elena D. Chapa, Justice

---

[8] *See also Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 763 (Tex. 2003) (explaining compensatory damages elements in personal injury cases can "***compensate*** an injured party ***for*** lost wages, lost earning capacity, and medical expenses, "***for*** pain, suffering, mental anguish, and disfigurement" and "***for*** loss of enjoyment of life") (emphasis added).